FLOYD, adm'r &c. *vs.* FITCHER and CASE, ex'rs &c.

A testator, by one clause of his will, gave to his daughter, S. F. and his two daughters-in-law, E. P. & S. P. each, an annuity of $70, payable in semi-annual payments to each, during life; and for the purpose of securing their payment, he directed his executors to either retain so much of his productive property as would be sufficient to produce the annuities, or to safely invest a sum sufficient for that purpose. By a subsequent clause he further gave to S. F., E. P., and S. P. each, " the principal of, or the sum, set apart to produce said annuities, respectively, to dispose of during the lifetime of

each, as she may desire; but no such disposition thereof to take effect un-til after her death ;" and in the same clause he directed that in case either of said legatees should die without having made any disposition of the prin-cipal of her annuity, it should be paid to her children then living, in equal shares. The executors set apart a principal sum sufficient to produce the annuity to S. F. ; and the annuity was regularly paid to her during her life. She died without having made any disposition of said principal, and leav-ing surviving her three sons and two grandchildren, the offspring of a pre-deceased daughter. The principal thus set apart still remained in the hands of the executors.

*Held* that the gift to S. F. of the principal sum, with the unlimited power of disposal at her pleasure, necessarily carried with it the absolute ownership ; the restriction that no disposition of the fund, made by her, should take ef-fect until after her death, having no other effect than to continue the prin-cipal sum in the hands of the executors until her death, in order that the income might be secured to her during life.

*Held, also,* that the legacy vested absolutely, in S. F.; and the further limita-tion to her children surviving her was repugnant to the bequest and void ; and that the administrator of S. F. was entitled to the principal set apart to produce the annuity given to her.

THIS was a case submitted to the court, without action, under section 372 of the code of procedure, by the plain-tiff as administrator of the estate of Sarah Freeman, deceased, and the defendants as executors of the last will and testa-ment of William Pepper, deceased. William Pepper, a con-struction of whose will was sought, died at Vernon, Oneida county, May 1, 1849. His will was admitted to probate by the surrogate of Oneida county, on or about the 21st of May, 1849. The provisions of that will, so far as material to the questions involved, together with the subsequent facts, are set forth in the opinion of the court.

*Nicoll Floyd,* for the plaintiff.

*R. McIntosh,* for the defendants.

*By the Court,* J. C. SMITH, J. The questions in this case depend upon the construction to be given to the provis-ions of the will of the defendants' testator respecting the be-

MONROE—SEPTEMBER, 1862. 411

quest to his daughter, Mrs. Freeman, the plaintiff's intestate. By one clause of his will, the testator gave to his said daughter, and his two daughters-in-law, naming them, each an annuity of seventy dollars, payable in semi-annual payments to each, during life; and for the purpose of securing their payment, he directed his executors to either retain so. much of his productive property as would be sufficient to produce the annuities, or to safely invest a sum sufficient for that purpose. By a subsequent clause, he further gave to his said daughter and daughters-in-law, each, " the principal of or the sum set apart to produce said annuities, respectively, to dispose of during the lifetime of each, as she may desire ; but no such disposition thereof to take effect until after her death ;" and in the same clause he directed that in case either of said legatees should die without having made any disposition of the principal of her annuity, it should be paid to her children then living, in equal shares.

The executors, in pursuance of these directions, set apart a principal sum sufficient to produce the annuity to Mrs. Freeman ; and the annuity was regularly paid to her during her life. She died in 1860, without having made any disposition of said principal, and leaving surviving her, three sons and two grandchildren, the offspring of a pre-deceased daughter.

The principal thus set apart yet remains in the hands of the executors, it having been demanded by the plaintiff, as administrator of Mrs. Freeman, on the ground that it was given to her, fully and absolutely, by the will, and that the clause limiting and directing the disposition of it in case she died without having disposed of the same was repugnant to the bequest and void ; and the executors having claimed that the principal is to be paid by them to the surviving children of Mrs. Freeman. The object of the suit is to determine these conflicting claims.

The will, in express terms, conferred upon Mrs. Freeman not only the income of the fund during her life, but also the

right of absolutely disposing of the principal, at her pleasure, subject only to the restriction that such disposition should not take effect until after her death. She had power to dispose of the principal by will, or to sell it during her life, and she could dispose of it, in whole or in parcels, to one person or several, and for such price and on such terms,as she might prefer. The gift to her of the principal, with this unlimited power of disposal, at her pleasure, necessarily carried with it the absolute ownership, (*Jackson* v. *Coleman,* 2 *John.* 391, and cases there cited by *Kent, Ch. J.;*) unless that result was prevented by the direction that no disposition of the fund, made by her, should take effect until after her death.

That restriction had no other effect than to continue the principal in the hands of the executors until her death, in order that the income might be secured to her during life. That it did not prevent the vesting of the principal, nor interfere with her absolute right of disposal, is shown by the case of *Sweet* v. *Chase,* (2 *Comst.* 73.) There, a testator, by one clause of his will, gave a legacy to his wife, to be paid out of the avails of the *sale of his real estate,* and by a subsequent clause he directed his executors to sell such real estate *after the death of his wife.* Of course, under those provisions, any disposition which the legatee might have made of the legacy in her lifetime, would not have taken effect; that is, would not have transferred the possession of the fund, until after her death, because the legacy was not payable until the happening of that event; which is precisely the effect of the restriction under consideration. Yet in that case the court of appeals held that the legacy vested on the death of the testator; that the legatee had the same right to sell or dispose of it that she had in respect to any other property; and that on her death, if undisposed of by her, it went to her personal representatives, who might enforce the payment, against the executors. In the case of *McLoskey* v. *Reid* (4 *Brad.* 334) a testator bequeathed six thousand dol-

lars, to be invested in stocks, and *not transferable* during the life of the legatee. The restriction in that case, it will be observed, was much broader than the restriction here ; yet the surrogate of New York held that it was not a qualification of the gift, but only a mode of enjoyment pointed out, and that the legacy vested, the income being payable to the legatee during her life, and the principal, on her death, to her legal representatives.

As the legacy vested absolutely in Mrs. Freeman, the further limitation to her children surviving her is repugnant to the bequest, and void. (*Attorney General* v. *Hall, Fitz.* 314. *Ide* v. *Ide, 5 Mass. Rep.* 500. *Jackson* v. *Robins,* 16 *John.* 537. *Helmer* v. *Shoemaker,* 22 *Wend.* 137.) In *Norris* v. *Beyea,* (3 *Kern.* 286,) and *Tyson* v. *Blake,* (22 *N. Y. Rep.* 558,) the primary legatee had no right to dispose of the principal.

It follows from these views that the plaintiff, as administrator of Mrs. Freeman, is entitled to a judgment that the defendants, as executors, pay to him the principal set apart to produce the annuity payable to his intestate.

Judgment accordingly

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]