The ONONDAGA TRUST AND DEPOSIT COMPANY, Receiver, etc., Respondent, *v.* MILTON S. PRICE et al., Appellants.

Where, by a will, power is given to the executors to collect and pay over dividends on the stock of an incorporated company, this does not necessarily vest in them title to the stock; such a power may be lodged with one person, while the title is in another.

The assent of the executors, once given to a specific legacy, vests the interest at law irrevocably in the legatee.

J., by a codicil to his will, in lieu of a trust created by his will for the benefit of his granddaughter L., gave to her $2,000 of the stock of an incorporated company, "to draw the income arising therefrom during her life-time, and at her death to dispose of the same as she shall see fit." The executors were directed to pay over to her the dividends paid on said stock. The executors set apart certificates of the stock to the amount specified, which one of them afterward took, and caused the shares to be transferred upon the books of the company to defendant P., in payment of an individual indebtedness. In an action to remove said executor, brought by his co-executor, plaintiff was appointed receiver *pendente lite. Held,* that an action for the conversion of the stock was not maintainable by it, at least without making L. a party; that the codicil gave directly to L. title to the stock, subject simply to the power in the executors to collect and pay over the dividends; that they had no right or power of disposition over the stock without her concurrence; and that her title could not be extinguished by a proceeding to which she was not a party.

*It seems* that for the purpose of protecting the power to collect dividends, the proper remedy would have been an action to set aside the unlawful transfer, restraining P. from transferring, etc.

(Argued December 13, 1881 ; decided January 24, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 30, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the alleged conversion of two shares each of the par value of $1,000, of the capital stock of the Salina Coarse Salt Stock Company.

James Lynch, late of Syracuse, died seized of the stock in question. He left a last will, with various codicils. The will devised to his executors $2,000 in trust, for the benefit of Lilla L. White, granddaughter of the testator. A codicil, subsequently executed, contained this clause:

"I hereby direct my said executors to pay over to said Lilla L. White the dividends arising from $2,000 of the stock of the Salina Coarse Salt Fields, of which Elizur Clark is president, and pay over the said dividends to said Lilla L. White, as the same shall be paid by said company, and I hereby give and bequeath to said Lilla L. White said $2,000 salt stock, to draw the income arising therefrom, during her life-time, and at her death to dispose of the same as she shall see fit, in place of the provision in my said will made."

After the probate of the will and codicils, the executors met, and among other things, to carry out the said provision of the codicil, set apart the certificates for the two shares of stock, and deposited it for safe-keeping in a bank package with other securities set aside for the purposes of trusts created under the will. Subsequently one of the executors, who was insolvent at the time, without the knowledge or consent of his co-executor, took the certificate from the package, and as executor indorsed the same over to defendant, Milton S. Price, in payment of an individual indebtedness. The certificate or scrip was surrendered to and canceled by the company, and a new certificate issued to

Price, who, upon demand, refused to surrender the same. Upon learning of this transfer, the other executor commenced an action against his co-executor, asking for his removal. In said action, plaintiff was appointed receiver of the trust estate, *pendente lite,* and this action was brought by permission of the court.

*William C. Ruger* for appellants. The receiver could not maintain this action in its own name. (*Sheldon* v. *Weeks,* 2 Barb. 513; *Chapman* v. *Hammersley,* 4 Wend. 173; *Rowley* v. *Van Benthuysen,* 16 id. 376; High on Receiver, §§ 181, 209; *O'Connor* v. *Malone,* 1 Irish Eq. 20; *Parker* v. *Dunn,* 8 Beav. 497; *Ireland* v. *Eade,* 7 id. 55; *Yeager* v. *Wallace,* 44 Penn. St. 294; *Manlove* v. *Burger,* 38 Ind. 211; *King* v. *Cutts,* 24 Wis. 627; *Battle* v. *Davis,* 66 N. C. 252; *Lansing* v. *Manton,* 14 Bankr. Reg. 127; *Freeman* v. *Westchester,* 10 S. & M. 577; *Burnet* v. *Bookstaver,* 10 Hun, 481; *Lane* v. *Schemerhorn,* 1 Hill, 97; Bispham's ed. of Kerr on Receivers, 192; Perry on Trusts, §§ 312, 326, 328, 520; *Nicoll* v. *Walworth,* 4 Denio, 385; *Utterson* v. *Mair,* 2 Ves. Jr. 95, 98; *Taylor* v. *Allen,* 2 Atk. 213; *Pitt* v. *Snowden,* 3 id. 750; *Green* v. *Winter,* 1 Johns. Ch. 59; *Pratt* v. *Oliver,* 3 How. [U. S.] 333.) By the bequest the absolute title to the stock vested in Lilla L. White. (Jarman on Wills, 460; *Tucker* v. *Tucker,* 5 N. Y. 408; *Nicoll* v. *Walworth,* 4 Den. 385; *McCosker* v. *Brady,* 1 Barb. Ch. 329; *Floyd* v. *Fitcher,* 38 Barb. 410; *Sweet* v. *Chase,* 2 N. Y. 73.) The trust being of a specific article of property, neither the receiver nor the trustees had power or authority without the consent of the *cestui que* trust to convert the property specifically bequeathed in trust into property of another kind. (*Cooper* v. *Bowles,* 28 How. Pr. 10; *S. C.,* 24 Barb. 87; 25 id. 10; 33 id. 610; *Freeman* v. *Westchester,* 10 S. & M. 577; *Cruger* v. *Jones,* 18 Barb. 467; 2 R. S. [6th ed.] § 78, art. 2, tit. 2, chap. 1, part 1; *Stuart* v. *Kissam,* 2 Barb. 493; *Haddon* v. *Lundy,* 59 N. Y. 321; Perry on Trusts, §§ 873, 828, 844; 1

Daniell's Ch. Pr. 220, 221; *Adams* v. *St. Leger*, 1 Ball. & Beat. 184; *Stimpson* v. *Rogers*, 4 Blatchf. 333; *Phillipson* v. *Gates*, 6 Hare, 26; *Josling* v. *Carr*, 3 Beav 495; *Munch* v. *Cockerell*, 8 Simon, 219; *Sortore* v. *Scott*, 4 Lans. 571; *Leitch* v. *Wells*, 48 Barb. 637; *Piatt* v. *Oliver*, 3 How. [U.' S.] 332; *Gilchrist* v. *Stevenson*, 9 Barb. 16; *Newton* v. *Porter*, 69 N. Y. 133, 139; *Rolfe* v. *Gregory*, 34 L. J. Ch. 274; *Fish* v. *Howland*, 1 Paige, 20, 24.) It was for plaintiff to show that the stock had been transferred to Stitt, and that he was not a *bona fide* purchaser. (*Piatt* v. *Oliver*, 3 How. [U. S.] 333; *Martin* v. *Joliffe*, Ambl. 313; *Bush* v. *Lathrop*, 22 N. Y. 549; *Alexander* v. *Pendleton*, 8 Cranch, 462; *Salt Springs Nat. Bk.* v. *Wheeler*, 48 N. Y. 492, 497; *Munger* v. *Hess*, 28 Barb. 75; *Wells* v. *Kelsey*, 38 id. 242; *Andrews* v. *Shattuck*, 32 id. 396.) There can be no recovery on the ground of a conversion against either of the defendants, as the evidence shows that the stock still remains unconverted. (*Owen* v. *Knight*, 4 Bing. N. C. 54, 57; *Cooper* v. *Clutty*, 1 Burr. 20, 31; *Gordon* v. *Harper*, 7 T. R. 9; *Winship* v. *Neall*, 10 Gray, 382; *Forth* v. *Prusley*, 82 Ill. 152; *Kelsey* v. *Griswold*, 6 Barb. 443; *Whitney* v. *Slauson*, 30 id. 276; *Andrews* v. *Shattuck*, 32 id. 396; *Elmore* v. *Horton*, 31 How. 424; *Buck* v. *Ashley*, 37 Vt. 475; *Johnson* v. *Cowland*, 4 Allen, 443.)

*George N. Kennedy* for respondent. Plaintiff, as receiver of the trust estates created under and by said will, could maintain this action to recover this part of the trust estate wrongfully converted by defendants. (4 Edm. Rev. Stat. 483.) The property converted being in the nature of a chose in action, and its whereabouts or ownership at the time of the action being unknown and not in a condition to be discovered, an action of trover for its conversion would lie. (Perry on Trusts, § 828, p. 464; *Kitchen* v. *Bradford*, 13 Wall. 416; *Murry* v. *Burling*, 10 Johns. 174.) Knowledge was brought home to Price that the stock was trust funds, by the fact that the transfer was made by Lynch as executor. (Perry on Trusts, § 225;

*Pendleton* v. *Fay*, 2 Paige, 202; *Baker* v. *Bliss*, 39 N. Y. 70, 76; *Field* v. *Scheiffelin*, 7 Johns. Ch. 156; Story's Equity, § 1257.) Price having taken the transfer of the stock from John O. S. Lynch with knowledge of the trust, and in payment of an individual debt, owing by said trustee to him, is not a *bona fide* purchaser, and is not protected as such. (Perry on Trusts, § 219; *Ridgely* v. *Johnson*, 11 Barb. 527; Willis on Trustees, 136.) In an action for the wrongful conversion of this stock by the executor or another, Lilla L. White was not a necessary party. (*Vernon* v. *Vernon*, 53 N. Y. 352; Code of Civil Procedure, § 449; *Western R. R. Co.* v. *Nolans*, 48 N. Y. 513, 517, 518; *Trustees, etc.* v. *Stewart*, 27 Barb. 553.)

Rapallo, J. The shares of stock in question were, by the codicil to the will of James Lynch, specifically bequeathed to his granddaughter, Lilla L. White, to draw the income arising therefrom during her life-time, and at her death to dispose of the same as she should see fit; and although by the same clause the executors were directed to pay over to her the dividends, and were thus impliedly authorized to collect them during her life, no power of disposition of the shares themselves was given to the executors, and whatever trust was created related only to the dividends. The testator's declaration at the end of the clause, that this bequest was in place of the provision made in his will, added nothing to the power of the executors over the shares. The bequest in the codicil was a substitute for that provision, and deprived the executors of the power which they would have had thereunder of controlling the principal of the legacy. It afforded greater security to the legatee by changing the legacy of money to be invested into a bequest of a specific thing, and vesting the legatee with the title to the specific property bequeathed, and the power of making any disposition thereof, from the time of her death, which she might see fit, intrusting to the executors the power only of collecting and paying over the dividends during her life. The testator did not give to the legatee a mere testamentary power, vesting the title in the trustees during her life, but he in terms

gave the title directly to her. Subject to the power given to the executors the property in the shares was vested in her and she could dispose of them in any manner she might desire, from the time of her death, either by will or by transfer in her life-time, and in case of her dying without having made any such disposition, the title to the shares would vest in her legal representatives. (*Floyd* v. *Fitcher*, 38 Barb. 409.) Whether she could also dispose of her right to the income, or by joining with the executors give a good title to the shares, free from any trust, is a question not yet fully determined and which it is not necessary now to decide. But it is very certain that he gave no power to the executors to dispose of the shares without her concurrence.

The cases relating to real estate, in which a title in trustees has been implied from a trust to lease and receive rents and profits, have no application. In cases of that description an estate in the trustees, though not expressly given, has been implied from its necessity for the purpose of enabling them to execute the trust expressly created. (*Brewster* v. *Striker*, 2 N. Y. 19.) And where the trust could be executed without such an estate it has been held to be a mere power of management from which no intention to give the legal title to the trustee would be implied. (*Post* v. *Hover*, 33 N. Y. 593.) In the present case no necessity exists of implying any title in the trustees or of disregarding the express words of the testator by which he bequeaths the shares in question directly to the legatee. A power to collect dividends on shares of stock in an incorporated company may well be lodged with one person while the title to the stock is in another.

It cannot be claimed that the title to the stock was in the executors for the purposes of administration, payment of debts, etc., for they had assented to the specific legacy by setting apart, for the benefit of the legatee, the evidence of the testator's title to the stock, viz., the certificate, which still stood in the name of the testator; and as said by Lord Ellenborough, in *Doe* v. *Guy* (3 East, 123), and concurred in by all the other members of the court, it never could be doubted that at law the interest

in any specific thing bequeathed vests in the legatee upon the assent of the executor.· If it should afterward appear that there is a deficiency of assets to pay creditors, the Court of Chancery will interfere and make the legatee refund in the proportion required.    The assent of the executor once given to a specific legacy vests the interest at law irrevocably, and an action at law will lie against the executor to recover the thing bequeathed. (*Bastard* v. *Stukely*, 2 Lev. 209 ; *Chamberlaine* v. *Chamberlaine*, 2 Eq. Cas. Abr. 465 ; Freeman ·Ch. 141 ; 2 Redfield on Wills, 153, 156.)    And the executor has no right to apply it in payment of ·debts, except from some special necessity. (*Clarke* v. *Ormonde*, Jacob, 108.)    In the present case, the executors had no right or power of disposition over the shares in question, and no title thereto at the time the receiver was appointed, and his right certainly could not exceed theirs.    For the purpose of protecting their power to collect the dividends, the receiver, as their successor in their trust, might have maintained an action to set aside the unlawful transfer from O. S. Lynch, because it clothed the defendant Price with an apparent title to the shares, which would enable him to possess himself of those ·dividends, and obstruct the trustees in the exercise of their power to collect them and pay them over.    That kind of action the receiver was, by the order of December 15, 1873, authorized to bring.    But the present action goes farther.    In it the receiver asks to recover and has recovered of the defendants the full value of the shares, as upon a conversion thereof by them.· They took the ground in their answer and on the trial, that Lilla L. White was the owner of the shares, and was living, and should be a party to the action.    We think that this defense should have been sustained.    The plaintiff .claims that the executors represented the rights of Lilla L. White, and that a recovery by him of the full value of the shares and satisfaction thereof will vest a good title to the shares in the defendants, and that the title of Lilla L. White will be extinguished. But her title cannot be thus extinguished by a proceeding to which she is not a party.    Neither the executors nor the receiver represent her title to the stock or her right to dispose of

it. These are vested in her personally, and are not subject to any trust, and the executors, after they had assented to the legacy, had no property in them, general or special, but only a naked power to collect and pay over the dividends during her life, as has before been shown.

They or the receiver in their right cannot claim even a possessory title to the shares, for they were incapable of manual possession. The executors at one time had the certificate, but that was not the stock; it was simply the evidence of the testator's title, and the action is not brought and could not be maintained for the conversion of the certificate, for the reason among others that it never came to the possession of the defendants and was not converted by them. It was surrendered by Lynch to the company to enable him to make the transfer to Price. The shares are a description of the property of which the possession must be deemed to follow the title, and cannot exist separately. The executors had the authority given them by the will to collect the dividends for Lilla L. White. This power they might protect, but the shares themselves were hers, and the executors had no power to represent her in disposing of them by transfer, or by recovering the value thereof in trover. Whether property in the plaintiff was necessary to sustain the action of trover it is not necessary to discuss. It is certain that without either property or possession it never could be maintained, and in this case the executors had neither. An action for conversion does not seem to us the proper remedy in a case like this, where all that the plaintiff has is a power in trust without having title to the property, or ever having had possession thereof. It would be unjust to compel the defendants to pay the full value of the shares to the receiver and leave them exposed to respond a second time to the claim of Lilla L. White or any person claiming under her after her death, as they clearly would be if this recovery were sustained. It seems to us that the proper remedy of the executors or the receiver, if he can be regarded as representing their rights and powers under the will, was to proceed in equity to protect them in the execution of their trust, by setting aside the unlawful

transfer made by Lynch, and restoring the title to the shares to its original condition. · This certainly is the extent to which they could represent Lilla L. White, and there is nothing in the case to show that this remedy would not be effectual. So far as the evidence goes it leaves the title to the shares on the books of the company still in Milton M. Price. If the transfer to him should be annulled the shares would remain in the name of the testator as before. The dividends accruing since the transfer to Price have not been collected by him, payment thereof having been stopped by notice to the company of the illegality of the transfer. Whether or not these dividends have been paid to the executors or any one representing them does not appear. It was quite practicable to restrain any further transfer, and there is nothing in the case to show that the annulment of the transfer to Price and of the certificate issued to him would not afford a complete remedy. What the rights of a *bona fide* holder under a transfer from Price might be, it is not necessary to discuss, for it does not appear that there is any such holder. But if any circumstances should be developed which should render it necessary to convert the shares into money by compelling the defendants to pay their value, Lilla L. White should be a party, and have a voice in the disposition to be made of the fund, and the defendants should be protected against a subsequent claim on her part or on that of her assigns or representatives.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.