# N. Y. SUPERIOR COURT.

## ALFRED Y. WRIGHT agt. CLINTON O. FIELD.

*Arrest — Order of must be vacated where complaint fails to state cause of action — Complaint — In action to recover damages for conversion of certificates of stock what should be alleged in.*

The complaint alleged, in an action for conversion, that "plaintiff deposited for safe keeping with the said defendant, as plaintiff's broker, certificates for 1,000 shares" of mining stock, "and the said defendant thereupon accepted the custody of said stock certificates, and promised and agreed to and with the plaintiff to keep the said stock for the plaintiff, and to hold the same for the plaintiff subject to the plaintiff's orders and instructions:"

*Held,* that an order of arrest granted in the case must be vacated, because the complaint fails to state a cause of action, in that there is no allegation of ownership by the plaintiff of the certificates of the stock.

*Special Term, October,* 1882.

MOTION to vacate order of arrest.

*M. B. Field* and *Daniel E. Sickles,* for motion.

*Richards & Brown,* opposed.

VAN VORST, *J.* — This is a motion to vacate the order of arrest in this action. The motion is founded upon the complaint exclusively. The ground urged by defendant's counsel in support of the motion is that the complaint does not state facts constituting a cause of action. It is provided in the Code of Procedure, in substance, that the order of arrest must be vacated if the complaint fails to state a cause of action (*Sec.* 558). The action is to recover damages for the alleged conversion of certificates of stock in a mining company.

Several objections are taken by the defendant's counsel to the sufficiency of the complaint, but it will not be necessary to examine more than one of them. The complaint alleges "that on or about the 10th day of May, in the year 1882, the

plaintiff deposited for safe keeping with the said defendant, as plaintiff's broker, certificates for one thousand shares of the capital stock of the Robinson Consolidated Mining Company, and the said defendant thereupon accepted the custody of said stock certificates, and promised and agreed to and with the plaintiff to keep the said stock for the plaintiff, with all due and reasonable care, and to hold the same for the plaintiff subject to the plaintiff's orders and instructions." The complaint then alleges that, without the plaintiff's knowledge or consent, the defendant fraudulently sold the stock and delivered the same, and the certificates thereof, to the purchasers, and that the proceeds were embezzled and fraudulently misapplied by the defendant to his own use.

The point of the defendant's objection is, that there is no allegation of the ownership by the plaintiff of the certificates or the stock.

The objection is well taken. The action of trover lies for the recovery of damages for the wrongful conversion of personal property to which the plaintiff has title, either absolutely or specially (*Graham's Practice*, 88).

The Code requires that the facts out of which the cause of action arises should be stated, and that the action should be prosecuted in the name of the person who has the interest in the property the subject of the action. The complaint should distinctly disclose the plaintiff's interest in the subject-matter. In an action for conversion of personal property the plaintiff's interest, whether absolute or special, should appear by the complaint. That is clearly necessary in a case for the conversion of property such as is here involved. Pleadings cannot be upheld by implication in the pleader's favor, unless they be absolutely necessary. The fact that the plaintiff had the certificates of the stock in his possession, and had deposited them with the defendant for safekeeping, does not necessarily show that the title was in him, or that he was in truth the owner, or had a property general or specific in the certificates or stock. One may hold a certificate for shares of stock,

and yet have no interest or property in the stock. As to the person in whom the property or interest was vested, would depend upon the registry of the stock or whose name appeared upon the face of the certificate as the owner. Stock is not transferred by a mere delivery of the certificates therefor. Something more is required. In the *Onondaga Trust Company* agt. *Price* (87 *N. Y.*, 549), it is said by RAPALLO, J., that shares of stock are incapable of manual possession; "the shares are a description of property of which the possession must be deemed to follow the title and cannot exist separately." The possession of one who holds an ordinary chattel or a promissory note payable to bearer, is presumed to be lawful; but such presumption is not applied to the holder of certificates or shares of stock, unless the same stands in his name or is accompanied by documentary evidence of a transfer. I do not mean to be understood, however, as urging that it is necessary to allege in a complaint. the manner or source of the plaintiff's title to shares of stock in order to enable him to maintain an action for conversion. It would doubtless be sufficient to allege that he was the owner or lawfully entitled to the possession.

In Mr. Moak's edition of Van Santvoord's Pleadings (*page* 213, *marginal*, 274) it is said that, in an action for damages for the conversion of personal property, "The old requisites of the declaration as to matters of substance are still preserved. The complaint should state that the plaintiff was possessed of the goods, as of his own property, and a general allegation of ownership is sufficient."

And Mr. Abbott, in his volumes of Forms and Pleadings under the Code (*volume* 1, *page* 457), gives the method of statement in this way: "That the plaintiff was lawfully possessed (or was entitled to the immediate possession) of the goods as his property" (*Selwyn's Law of Nisi Prius, vol.* 2, [13*th ed.*], *pages* 1276, 1288).

The question under consideration is not one of proof on the trial, but one of pleading exclusively. The precise point

was decided in *Schofield* agt. *Whitelegge* (49 *N. Y.*, 259). It is true that the question which arose there was in an action for the claim and delivery of personal property. But I apprehend that no different rule applies in an action for conversion in this regard (*Vander Minden* agt. *Elsas*, 36 *Sup. Ct. R.*, 66).

It is, however, urged by the plaintiff's counsel that by the agreements between the parties the defendant undertook to hold the property for the plaintiff, and that by such agreement the plaintiff acquired a special property in the certificates.

This is not an action for damages for a breach of contract. The action is brought for the conversion. If the plaintiff was not the owner, or lawfully entitled to the possession, in virtue of a general or special property therein when the deposit with the defendant was made, such deposit of itself could not constitute him such owner. The title in truth could be no better after the deposit than before.

The motion to vacate the order of arrest should be granted.