DANIEL S. JONES, Plaintiff, *v.* EDWARD J. NEWELL, as Administrator, etc., of BRIDGET CALLAHAN, Deceased, Respondent, and ANNIE LEONARD, Individually and as Administratrix, etc., of PATRICK D. CALLAHAN, Deceased, and Others, Appellants.

*Trust created by a will — provision that the trustee may use portions of the trust estate for his individual use.*

A trust to one person for the benefit of another, created by a will, is valid notwithstanding a provision therein that the trustee may apply such portion of the trust fund to his personal use as he may find necessary without accounting therefor.

APPEAL by the defendants, Annie Leonard, individually and as administratrix, etc., of Patrick D. Callahan, deceased, and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 10th day of July, 1893, upon the decision of the court rendered after a trial at the Kings County Special Term.

The provision in the will of a testatrix creating the trust estate in question was as follows:

"I give, devise and bequeath all my estate, of every name and nature, to my beloved husband, Patrick D. Callahan, in trust, however, and for the benefit of my daughter, Mary Callahan; provided, however, that my said husband, Patrick D. Callahan, may use any or all of my said estate hereby bequeathed at his option and for his own personal benefit as though the bequest were made to him, at any time before my said daughter arrives at the age of twenty-one years, and may at his option take any or all of said estate, and use, own, have and hold, sell, transfer, convey and assign the same as though this property hereby bequeathed was bequeathed to him, at any time before my said daughter arrives at the age of twenty-one years."

*Charles J. Patterson,* for appellant, Annie Leonard, administratrix, etc.

*W. M. K. Olcott,* for Newell, respondent.

PRATT, J.:

The appellants contend, upon the authority of 38 Barb. 409, and other cases, that the bequest of personal property to Callahan, with a limitation over to his daughter, vested in him the whole estate, and that the limitation over was void for repugnancy.

However this may have been, had the bequest been to him primarily for his own benefit and without the suggestion of a trust, it is not necessary to determine, for the bequest is made to Callahan "in trust, however, and for the benefit of" the daughter.

Appellants' counsel argue with great ingenuity that the permission given the trustee to apply such portion of the trust fund to his personal use as he might find necessary without accountability, was equivalent to an abolition of the trust. We do not think this can be

held.   The testatrix cannot be supposed to have contemplated that the confidence would be abused, and, if not abused, the trust was not endangered, as the result well illustrates.

On the whole case we are of opinion that the judgment must be affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs against Annie Leonard, administratrix.