In the Matter of the Estate of PRISCILLA M. HART, Deceased.

Surrogate's Court, New York County, June 26, 1941.

*Max Ash*, for the petitioners.

*Leon Schaefler* [*Frank C. Wachsmuth* of counsel], for The Fifth Avenue Bank of New York, William A. Wolff and John Carl Wolff, as executors, etc., of Julian B. Hart, deceased, respondents.

DELEHANTY, S. Construction is required of article second of deceased's will which says: " If my dear brother-in-law Julian B. Hart, survive me, I give and bequeath unto him from my tangible personal property, irrespective of whether the same be located at the time of my death in my home or elsewhere, any three (3) articles which he may select. I make this gift and bequest to him so that he may receive such articles as a memento from me to express to him my deepest appreciation for the kindness, care and attention which he has always shown for the welfare of the members of my family and me. I am making no further provision for my said dear brother-in-law because I know that he is not in need of same and because I believe that the provisions contained in this Article Second will meet with his approval."

Julian B. Hart died the day following the death of deceased. He made no selection of articles from the tangible personal property of deceased. His executors now claim that they may make the selection in behalf of his estate. They argue " * * * that there was one condition only to the vesting of the legacy, i. e., that the legatee must survive " the deceased. This argument implies that deceased gave title to Julian B. Hart to three articles of her personal property. This is an error. What Julian B. Hart received was a power of selection. The power he received was a special beneficial power within the meaning of sections 135 and 136 of the Real Property Law because the person to whom the disposition of the property under the power was to have been made was designated and because " no person, other than the grantee, [had], by the terms of its creation, any interest in its execution." The power here is a power respecting which what was said in *Gilman* v. *Bell* (99 Ill. 144, 150, 151) is appropriate. The court there said: " No title or interest in the thing vests in the donee of the power until he exercises the power. It is virtually an offer to him of the estate or fund, that he may receive or reject at will, and like any other offer to donate property to a person, no title can vest until he accepts the offer * * *." (To the same effect see 22 Am. & Eng. Ency. of Law [2d ed.], 1095.) Separation of a power over property from title or interest therein is well established in our law. (See, for example, *Matter of Brenner*, 169 Misc. 412; affd., 256 App. Div. 1064; *Onondaga Trust & Deposit Co.* v. *Price*, 87 N. Y. 542.)

Since Julian B. Hart was donee only of a power of selection and not a legatee of identified property, the only question is whether the power is of a kind which is extinguished by non-execution. The general rule on this subject has been stated by Sugden as follows (2 Sugden on Powers [3d Am. ed.], 144): "* * * although equity will, as we have seen, in favour of a purchaser, creditor, wife

or child, supply the defective execution of a power, it is an immutable rule, that a non-execution will never be aided. It is no ground for relief that the party intended to exercise his power, but was prevented by sudden death."

In point on the facts is *Matter of Madge* (44 Times L. R. 372). There deceased gave his wife such articles from his tangible effects as she might select within two months. His wife died five days after deceased without having exercised her power of selection. Mr. Justice RUSSELL is said to have regarded certain passages in Coke on Littleton and Sheppard's Touchstone as controlling and to have said that " When nothing passed to the donee until election the choice must be made during life, and, therefore, in this case the bequest failed because the wife died before she made her election."

The case in this jurisdiction nearest to the present one seems to be *Weber* v. *Lester* (31 N. Y. St. Repr. 268; affd., 125 N. Y. 742). There deceased devised a life estate to her nephew in twenty acres of land particularly described " or such other twenty (20) acres of any land of which I may die seized as may be agreed upon between my said nephew and the executors of this my last will." The land particularly described had been lost by foreclosure of a mortgage during the lifetime of deceased. The executors refused to agree with the nephew upon setting aside for his life use any other twenty acres of deceased's land. The nephew in an action for construction of the will contended that the executors should be compelled to agree with him as to another twenty acres or the court should itself make the allotment. His argument was rejected, the court saying: "* * * all that the testatrix has done * * * has been to empower the executors and her nephew to agree to make that substitution. She has provided the power without directing its execution. Whether it shall be executed or not has been left to the mere volition of these parties."

Precisely the same thing has been done in the present case. Julian B. Hart was empowered to select certain articles for his own benefit. There was no direction by deceased that the selection should be made. The execution of the power was left to depend wholly on the mere volition of Mr. Hart. Since he died without executing this power the power came to an end and the property subject to the power in his lifetime is now wholly freed from its burden.

Submit, on notice, decree construing the will and settling the account accordingly.