HOOPER *v.* THE HUDSON RIVER FIRE INSURANCE COMPANY.

Application to an insurer for his consent to the assignment of a policy, is notice that the applicant has acquired, or is about to acquire, some interest in the subject of the insurance; since, without such interest, an assignment would be valueless to him.

So *Held*, where the entire stock of a retailer of goods had been sold under execution, and the purchaser applied to the insurer for his consent to an assignment of the policy thereon.

APPEAL from the Supreme Court. The defendant insured Hooper & Brother against damage by fire, to the amount of $2,500, on their stock of looking-glasses, looking-glass plates, frames, machines, tools and materials. The policy contained a provision that in case of any transfer or termination of the interest of the insured, either by sale or otherwise, without the written consent of the insurer, the policy should from thenceforth be void and of no effect. On the 19th and 21st

June, 1852, their entire stock in trade was sold upon execution, and purchased by the plaintiff in this action, who, on the day last named, applied to the defendant, without disclosing what interest he had in the property, and obtained from it a consent in writing, indorsed on the policy, " that the interest of Hooper & Brother, in the within policy of insurance, be assigned to " the plaintiff. A written assignment of the policy by Hooper & Brother to the plaintiff was executed, bearing date June 30, 1852. A portion of the property was destroyed by fire July 1, 1852. On the trial at the Kings' circuit, before Mr. Justice ROCKWELL, the facts before stated having been proved, the defendant moved for a nonsuit upon the grounds: that the policy became inoperative and void on the sale made by the sheriff, for want of a subject, as the parties insured ceased to have anything at risk; that the policy having become void by the sheriff's sale, so as to be incapable of enforcement by Hooper & Brother, it was void as to the plaintiff also, he having no rights except such as remained in and were held by them after the sale; that the consent to the assignment assumed on its face that Hooper & Brother had an existing interest, and simply authorize that to be assigned, and that the plaintiff having obtained the consent without disclosing the facts which showed that Hooper & Brother had nothing to assign, could not insist upon it as a renewal. The judge refused to nonsuit, and the defendant excepted. The plaintiff had a verdict and judgment, which having been affirmed by the Supreme Court, at general term, in the second district, the defendant appealed to this court.

*Nicholas Hill*, for the appellant.

*John H. Reynolds*, for the respondent.

PRATT, J. It was manifestly the intention of the parties to the policy in this case that it should cover, to the amount

of the insurance, any goods of the character and description specified in the policy, which, from time to time during its continuation, might be in the store. "A policy for a long period, upon goods in a retail shop, applies to the goods successively in the shop, from time to time." (1 *Phil. on Ins.*, § 491; *Ang. on Ins.*, § 203; *Lane* v. *Maine Mutual Fire Insurance Company*, 3 *Fairf.*, 44.) Any other construction of a policy of insurance upon a stock in trade continually changing, would render it worthless as an indemnity. It is a primary principle in the construction of the contract of insurance to give it the effect as an indemnity which the parties to it designed. The sale, therefore, of the stock by the insured did not render the policy void.

After the sale, and previous to the assignment of the policy to the purchasers, the effect of the policy as an indemnity was suspended, not from any vice in the policy, but from the absence of a subject for it to act upon. Had a fire occurred during this time, no recovery could have been had against the underwriters; not because the policy had become void, but because the insured had suffered no loss. The owners of the goods would have had no claim for the reason that at the time they had no interest in the policy; yet the policy still continued to be a valid subsisting contract in the hands of the insured, and had they subsequently purchased the same goods or other goods, and brought them into the store, they would have been covered by it. And having been assigned to the plaintiff by consent of the company, he took the place of the insured, and the policy reattached to the goods. The plaintiff, therefore, was clearly entitled to recover.

It was insisted, upon the argument, that the company had no notice of the sale to Hooper. The fact that he requested an assignment of the policy, was sufficient notice that he had acquired, or was about to acquire, some interest in the goods.

The assignment of the policy, in order to be of any benefit to the assignee, must be accompanied with a transfer of some

kind of interest in the subject of insurance to the assignee. This seems to be assumed by all the elementary writers. Ellis says that " the mere assignment of a policy would be useless unless the subject insured be assigned also." ( *Ellis Law of Ins.*, 69.) Marshall in his work on insurance, ( *p.* 800 ), says: " A policy of insurance being a chose in action is in strictness not assignable at law, but, like every chose in action, may be assigned in equity. But the mere assignment would be of little avail without an assignment of the subject matter of the insurance also." He puts it upon the ground that the insured must have an interest not only at the time of insuring, but also at the happening of the loss. The same doctrine is expressly recognized in all the elementary works upon the law of insurance which I have been able to consult, and it has never been controverted to my knowledge in any adjudicated case. ( 3 *Kent Com.*, 375 ; *Ang. on Ins.*, § 193 ; 1 *Phil. on Ins.*, § 77 ).

Besides, a fire policy seems not to be assignable at all except with the consent of the underwriters. Ellis says: " These policies are not in their nature assignable nor is the interest in them ever intended to be transferable from one to another without the express consent of the office." ( *Ellis' Law of Ins.*, 72 ; *Phil.*, 78 ; *Mars.*, 803 ). And when the assignment of the policy, by the consent of the insurers, is absolute, to one who has become the entire owner of the subject of insurance, it becomes a new contract of insurance between the underwriters and the assignee. " If the assignment taken in connection with the policy plainly transfers the assured's whole interest, the underwriter's consent to it is evidently equivalent to his agreement to become directly answerable to the assignee. In such case the proceedings to enforce payment may be in the assignee's name and he become to all intents and purposes the substituted party to the contract." ( *Phil., supra*, § 84 ; *Ang., supra*, § 193 ; *Ellis*, 69 ). And if he becomes the real party to the contract of insurance it would be as necessary that he should be vested

with an interest in the property insured as if he had taken out a new policy in his own name.

An assignment, therefore, being of no avail except in case of an interest in the assignee in the subject insured, the request made to the defendants to consent to an assignment to plaintiff was of itself notice to them that he had acquired or was about to acquire an interest in the insured property. If, therefore, it was important to the defendants to know what the nature of the interest was which the plaintiff had acquired, they should have asked for information in respect to it. If they were content to give their consent without such inquiry it was their own fault.

The judgment of the Supreme Court must be affirmed.

Denio, J., dissented; all the other judges concurring,

Judgment affirmed.