VOSE and others *vs.* THE HAMILTON MUTUAL INSURANCE
COMPANY in Salem.

On the 1st of May, 1852, the defendant insured the plaintiffs' stock in trade
in a store No. 146 River street, Troy, for $2500 for three years. The 18th
article of the policy provided that "in case any other policy of insurance
has been or shall be issued covering the whole or any portion of the prop-
erty insured by this company," the policy issued by the defendant should
be void, unless the company had notice thereof and gave a written consent
thereto. On the 9th of August, 1854, the goods were, with the consent
of the defendant, removed to an adjoining store, in the same building,
known as No. 148. At that time the insured had a stock of goods of the
same description, in No. 148, which had been insured for $2500 by another
company, January 12, 1852, for five years. The defendant gave no con-
sent to such prior insurance, and had no knowledge of it. *Held* that this
was not a case of double insurance, in violation of the 18th article of the
policy. HOGEBOOM, J. dissented.

APPEAL by the defendant from a judgment entered upon
the report of a referee. The action was upon a policy
of insurance issued by the defendant on the 1st of May,
1852, for $2500 for three years, upon the stock in trade in
No. 146 River street, Troy, consisting chiefly of ready made
clothing. The 18th article of the policy provided that "in
case any other policy of insurance has been or shall be issued
covering the whole or any portion of the property insured by
this company," the policy issued by the defendant should be,
void, unless the company had notice thereof and gave a con-
sent in writing thereto. On the 9th day of August, 1854,
the defendant consented to the removal of the goods insured
to an adjoining store, part of the same building and known
as No. 148, and the goods were so removed. At that time
the party insured had a large quantity of other goods (also
ready made clothing) in store 148, which had been insured
by another company, by a policy issued and dated on the
12th of January, 1852, for $2500, for five years. On the
5th of August, 1854, the insured obtained the consent of
the other company to $2500 additional insurance in the de-
fendant's company. There was no consent of the defendant

to the other insurance by the other company, nor any knowledge thereof. The goods in 148 were chiefly destroyed by fire on the 11th of December, 1854. The referee found that there was no double insurance in violation of the 18th article, and reported in favor of the plaintiff for half the loss.

*J. H. Reynolds,* for the appellant.

*J. A. Millard,* for the respondent.

PECKHAM, J. It appeared on the trial that the goods in store No. 148, after removal, were one consolidated stock, not kept separate, but replenished from time to time up to the fire. The question is did these facts constitute a violation of that provision of the policy forbidding double insurance except by consent.

That there was a double insurance in fact and in law is clear, from the time the goods in No. 146 were removed to No. 148. The two policies then attached to the consolidated stock and also to all goods purchased from time to time to replenish it. (1 *Phil. on Ins.* 5, 491. *Angell on Ins.* § 203. *Hooper* v. *Hudson R. Fire Ins. Co.,* 17 *N. Y. Rep.* 426.) The plaintiff was aware of the effect of this consolidation of the stock as to the insurance, as he procured the consent of the other company for the additional insurance by the defendant of $2500. This additional insurance was made or effected solely by this removal of the goods from No. 146 to 148.

The 18th article of the defendant's by-laws provides in terms against any policy "that has been or shall be issued." It will perhaps be better understood if each part be considered separately. Has that part of the article referring to a policy that "has been issued" been violated? If that part stood alone it would read "In case any other policy has been issued covering the whole or any portion of the property insured" this policy shall be void unless &c. That provi-

sion, thus stated, would plainly refer to a policy that had already issued and that then covered this property. It had no reference to any policy already issued that did not cover this property. With such a policy the defendant could have no concern. There was in fact then no policy issued, at the time the defendant issued its policy, "covering" or touching the property then insured by the defendant. The property afterwards became covered by the policy of the other company, by its subsequent removal to No. 148. The same may be said of the property in No. 148 prior to the removal of the goods from 146. They were not insured by the defendant's policy, prior to the removal. The removal extended the defendant's policy. That removal was not a re-issuing of either policy.

This act of removal, as matter of law, without any new agreement or new policy, made the property covered by the other policy.

As to the other provision of the article, having reference to the future, it is not pretended that any policy has in fact been issued since the issuing of the defendant's policy coving the property insured by the defendant.

This is a close case, and is disposed of upon the peculiar and precise phraseology of the defendant's by-law. The defendant has been careful to frame some thirty by-laws, modifying and qualifying its liability; providing specially when the policy shall be void. The language of this by-law does not cover this case of insurance by this transfer of the property. No fraud is imputed to the insured, in the transaction, and I do not think the defendant is at liberty to insist that the insurance is forfeited by an act that is excluded as a ground of forfeiture by the terms of the article on that subject.

I confess I have not arrived at this result, in this case, without considerable hesitation, in view of the temptations to fraud held out by additional insurances, and of the necessity of their being known to insurance companies. But a

forfeiture of the insurance should not be enforced against the language of the provision itself.

The judgment should be affirmed.

MILLER, J. concurred.

HOGEBOOM, J. (dissenting.) I am of opinion that upon the true construction to be given to article 18 of the by-laws of the defendant, attached to the plaintiff's policy of insurance, the plaintiff is not entitled to recover.

1. The plain object and intent of that article was to protect the company against double insurance without its consent; because in the event of such insurance there might be a strong temptation to fraud, in the policy-holder. The article was obviously designed to cover all possible cases of double insurance, and with this manifest intent of the parties before our eyes, I think we ought to give such a construction to the contract as will effectuate that intent, if we can do so without doing violence to the language employed.

2. And I think this can be done. The words are, "In case any other policy of insurance has been or shall be issued covering the whole or any part of the property insured by this company," the policy shall be void. Now while it is true that at the *time* the defendant's policy was issued, no other policy had been issued *then* covering the property insured by the defendant, it is equally true that a policy had been issued which, without alteration of its terms, *thereafter* covered the property insured by the defendant. In other words, certain property previously insured in a Troy company became by removal into the store mentioned in the defendant's policy covered by the defendant's policy. I think the clause in question, without any violence to its language or obvious intent, can and should be read as if it had been written "In case any other policy of insurance has been issued *now or hereafter* covering the whole or any part of the property insured by this company."

Vose *v.* Hamilton Mu. Insurance Company.

3. Again; take the other alternative : "In case any other policy of insurance *shall be* issued covering the whole or any part of the property insured," &c. Was not the Troy policy, so far as the property insured by the defendant was concerned, though *dated* before the defendant's policy, *in effect* issued afterwards; that is, did it not take effect *afterwards* upon the property insured by the defendant? Too narrow a construction should not be given to the word *issued.* As used in this clause it is synonymous with "take effect," or "become operative;" and if this meaning be applied to it, it plainly covers the present case.

4. In a subsequent part of the same article, it is provided that "in case of loss or damage of property upon which such double insurance *subsists,*" the defendants' company shall in the event of consent being given to the additional policy, not be liable for more than its proportional part of the loss. Now here plainly a double insurance subsists at the same moment, and this was the very contingency designed to be provided for by this article.

5. In considering this question I have of course assumed, as did the referee and the counsel on both sides, that by the removal of the goods all the property was protected by *both* policies if valid. (*Hooper* v. *Hudson River Fire Insurance Co.,* 17 *N. Y. Rep.* 426.) At all events the *new* goods were, and no discrimination has been made between them, in the referee's report. Hence whether or not a portion of the goods only was covered by double insurance, a new trial is, if I am right, essential to adjust accurately the rights of the parties.

I am of opinion that the judgment entered upon the report of the referee should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed.

[ALBANY GENERAL TERM, May 5, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]