# JOHN WOLF v. THE SECURITY FIRE INSURANCE COMPANY.

*Insurance Policy—Assignment—Consent of Insurer.*

To take advantage of the want of authority on the part of one assuming to act as agent for another, on the trial of a cause involving the question of authority, the defect or want of authority must be so ·pointed out that the other party may have notice of the defect he is called upon to supply.

When no such exception has been taken on the trial, the question of authority cannot be raised on appeal to this Court.

The condition in a policy of insurance, avoiding the policy if the property insured is-sold without the consent of the underwriters, does not apply to a stock of goods kept for sale.

THIS was an action on a policy of insurance upon a stock of watches and jewelry in a retail store, issued to John Engleheart. The Plaintiff secured a verdict. The General Term affirmed the judgment thereon, and the Defendants now appeal to this Court.

The policy was dated April 18, 1860, and was issued by Owen Gaffney & Co., as the agents of the Defendants. On the 16th of May, 1860, Engleheart sold and transferred the insured property to one Stupp, who immediately thereafter transferred the same to Margaretta, wife of John Engleheart. In July, 1860, Gaffney & Co. gave a written consent to the transfer of the interest of John Engleheart in the policy to Margaretta. On the 10th of July John executed to Margaretta a formal transfer of all his right and interest in the policy. On the 30th of March, 1861, the property was partially destroyed by fire.

*Wm. Allen Butler* for the Appellants.
*J. C. Cochrane* for the Respondent.

HUNT, Ch. J.—The Defendants object to the evidence that the company assented to the transfer to Margaretta, for the reason that it did not appear that Gaffney & Co. had authority to bind the Defendants by the execution of such a paper.

It is unnecessary to examine the question whether Gaffney & Co. were authorized to give this consent.   It was given in evidence on the trial as the act of the Defendants, and passed, and was acted upon throughout the trial, as the act of the Defendants, by these their agents.   The Defendants raised no question of the authority, but themselves assumed it to have been executed by their duly authorized agents, based their other objections, and asked for numerous rulings and charges, upon the assumption of the sufficient authority of Gaffney & Co.   To obtain in this Court any benefit from this defect of authority, it is necessary that the Defendants should, on the trial, have pointed out the defects specifically, and so precisely that the other party would have known what was the defect he was called upon to supply.   This the party entirely failed to do.   It is evident the objection is one raised by counsel after the trial had been disposed of on other grounds.   It cannot be considered here (Binsse v. Wood, 37 N. Y. R. 526).

The Defendants further insist that the sale or transfer of the property to Stupp, and then to Mrs. Engleheart, was without the consent of the Defendants, and avoided the policy.   The condition in a policy of fire insurance avoiding the policy in the event of a sale of the property by the assured, does not apply to a stock of goods kept for sale.   It has been repeatedly held that the assured may sell and replace his entire stock, as often as his own interest may require, and that the policy protects whatever goods may chance to be on hand when a fire occurs (Hooper v. Hudson River Fire Ins. Co., 17 N. Y. 424 ; 1 Ph. Ins. § 491 ; Angel on Ins. § 203).

The policy in question was of that character.   When the sale was made to Stupp, the interest in the property and the interest in the policy became separated.   While this separation continued, the operation of the policy was suspended, and if a loss had then occurred, no money could have been had.   Engleheart could not

have recovered, because he had no goods covered by the policy. Stupp could not have recovered, because he had no policy to cover his interest in the goods. But the moment the interest should again become united, by the union of the ownership of the goods and the interest in the policy in the same person, the policy would again become effectual. If Engleheart had bought other goods, the policy in his name would have covered them. If Stupp had procured the policy, he would have had its benefit as an insurance upon the original property. This union took place in favor of Mrs. Engleheart when, on the tenth day of July, 1861, her husband transferred to her, with the consent of the company, all his interest in the policy, she having previously secured from Stupp a transfer of the property originally embraced in it. These views are fully sustained by Hooper v. Hudson River (sup.). The same case decides that the request that the company would consent to an assignment, was a sufficient notice to them that the party making it had acquired, or was about to acquire, some interest in the goods insured, and was a compliance with the condition of the policy on that subject.

The Defendant, on his motion for a nonsuit, objected, as he now does, that the assignment from Engleheart to his wife was void, on the ground that husband and wife are incompetent directly to contract with each other. While this legal rule may be abstractly true, it is subject to so many exceptions, and it is so well settled that the wife's equitable interest will be fully protected, that the Defendant can derive no great advantage from it (Borst v. Spelman, 4 Coms. 284; Winans v. Peebles, 32 N. Y. 423; Liv. v. Liv., 2 John. Ch. R. 537; 2 Kent's Com. 163, 166).

The Defendants cannot now interpose this objection without a violation of good faith. They agreed to this assignment in July, 1861, and the parties on all sides acted upon it as valid, the Defendants enjoying the full amount of the premium until the occurrence of a loss. The Defendants should have discerned the invalidity of this assignment when their assent to the transfer was asked, and have made their objection while there was opportunity for the other party to correct the proceedings, or to obtain an

insurance in some other company.    We have repeatedly held that insurance companies, in such matters, must exercise the most complete good faith, and this is a fair case in which to apply the same principle (Hartshorne *v.* Union M. Ins. Co., 36 N. Y. R. 178; Sohns *v.* Rutgers Fire Ins. Co., March, 1867).*

Judgment should be affirmed.

Affirmed.

JOEL TIFFANY,<br>State Reporter.

* 2 Transcript Appeals, 227.