GEORGE BENNINGHOFF, Respondent, *v.* THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., Appellant.

Upon the trial of an action upon a policy of fire insurance issued by defendant, it appeared that J. acted as agent for it in procuring the policy.   Defendant's secretary, as a witness in its behalf, was asked what was J.'s authority as agent?   This was objected to and excluded. *Held* no error ; that the authority of the agent could properly be proved only by the production of his power of attorney, or by a resolution of defendant's board of directors, under which agents were employed.

The policy contained a condition that if the insured property be incumbered, it must be so stated in the application ; if not, " the policy shall be void."   No written application was made or authorized by the insured, and it appeared that in the oral application all incumbrances were specified.   J., without the knowledge or consent of the insured, made out and forwarded a written application in which no incumbrances were mentioned.   *Held*, that plaintiff was not bound, as' matter of law, by the written application ; and the fact that there were incumbrances did not constitute a breach of the condition.

To constitute a ratification of an unauthorized act of an agent, it must appear that the principal had full knowledge of the circumstances attending the performance of the act at the time of the alleged ratification.

The policy contained a condition avoiding it in case of a transfer of the property without previous consent of the company. *Held*, that the right of the company to claim a forfeiture might be and was waived by an authorized assignment of the policy to one to whom the property had

been transferred ; and this, although there had been an ·intermediate assignment.

By a clause in the policy, agents of the company were permitted to give assent to assignments thereof, but were prohibited from waiving any condition therein. *Held,* that the authority to assent to an assignment included authority to waive a forfeiture because of a transfer of the property, or to consent to the transfer ; and that an assent by the agent to an assignment to one to whom the property had been transferred was such waiver or consent.

Defendant had immediate notice of the transfer and consent, and made no objection until after a loss, which occurred about a year thereafter. *Held,* that, if defendant proposed to claim that the agent acted without authority, it was its duty, immediately on receiving notice, to repudiate his act, and its omission to do so was a ratification thereof.

(Argued October 1, 1883 ; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1881, · which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon a policy of fire insurance issued by defendant to John E. Benninghoff. The application for the policy was made orally by the insured to one Jacoby, defendant's agent at Seneca Falls. No written application was made or authorized. The agent, however, without the knowledge of the insured, made out and forwarded an application. The policy contained a condition, that if, " without the written consent of this company first had and obtained," the property insured should be sold or conveyed, then " this policy shall be null and void." The policy also contained these provisions :

" If the property to be insured be held by contract, or in trust, or on commission, or be a leasehold interest, or equity of redemption ; or if the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the insured ; or if the same shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company in the application, otherwise the policy shall be void."

" Agents of the company are permitted to give the consent of the company to assignment of policies, and additional insurance in other companies, on giving notice of the same to the company, and an office fee of fifty cents will be charged for recording the same. But no agent of the company is permitted to give consent of the company in any other case required by the provisions of this policy, or to waive any stipulation or condition contained therein; but in all cases where the consent of the company is required by this policy, other than consent to the assignment of the policy, or to additional insurance in other companies, such consent must be obtained at the home office of the company."

The policy was issued in July, 1871. In January, 1872, the insured sold and conveyed the property to Frederick W. Benninghoff. In May, 1872, Jacoby, said defendant's agent, gave consent in writing, indorsed upon said policy, to an assignment thereof to the grantee, and notified defendant of the assignment, which was made on the same day the consent was given. In April, 1872, Frederick W. reconveyed the property to John E. Benninghoff who, in November, 1872, conveyed the same to plaintiff. In October, 1873, Jacoby was informed of these transfers and gave a consent in writing to an assignment of the policy by Frederick W. Benninghoff to plaintiff, and thereupon it was so assigned. This assignment was also reported by Jacoby to defendant.

There were three mortgages upon the property at the time the policy was issued. John E. Benninghoff testified that when he made the application he informed Jacoby of the existence of these mortgages. The mortgages were offered in evidence, but were objected to and excluded, to which defendant's counsel duly excepted.

The further material facts are stated in the opinion.

*A. H. Sawyer* for appellant. The defendant's motion for a nonsuit should have been granted upon the ground that there was no proof of the giving of notice of loss as required by the terms of the policy. (*Inman* v. *Western Ins. Co.*, 12 Wend.

460; *Sherwood* v. *Agricultural Ins. Co.*, 10 Hun, 593.) Jacoby, the local agent of the defendant, had no authority to accept notice of the loss, or, by the acceptance of the verbal notice, waive the condition of the policy requiring notice to be given to the company. (*Thayer* v. *Agricultural Co.*, 5 Hun, 566; *Wilson* v. *Genesee Ins. Co.*, 14 N. Y. 418; *Bush* v. *Westchester Ins. Co.*, 63 id. 531; *Harrison* v. *City F. Ins. Co.*, 9 Allen, 231; *Devens* v. *Mech's', etc., Ins. Co.*, 83 N. Y. 168.) The visit of the adjuster Dewey to the scene of the fire, a month after the same occurred, and his taking the statement of the occupant of the property, who had no interest in it at the time of the fire, cannot be held to constitute a waiver by the defendant of the condition of the policy requiring immediate notice of the loss. (*Bell* v. *Lycoming Ins. Co.*, 19 Hun, 238 ; *Underwood* v. *Farmers' Ins. Co.*, 57 N. Y. 500; *Ripley* v. *Ætna Ins. Co.*, 30 id. 136; *Blossom* v. *Lycoming Ins. Co.*, 64 id. 162; *Devens* v. *Mech's', etc., Ins. Co.*, 83 id. 168.) Where a policy of insurance provides that the application is made a part of it, the two constitute the contract, and the policy cannot be given in evidence without the application, although the latter may be in possession of the other side. (*F. & M. F. Ins. Co.* v. *Meckes*, 10 Ins. L. J. 707; 38 Leg. Intell. 317; *Lycoming Ins. Co.* v. *Storrs*, 11 Ins. L. J. 519; 39 Leg. Intell. 139 ; *Penn. Mut. Aid Soc.* v. *Conley*, 11 Ins. L. J. 493.) The court erred in excluding, under defendant's exception, evidence of incumbrances by mortgage and judgment upon the insured property at the time of the issuing of the policy. (*Erwin* v. *N. Y. C. Ins. Co.*, 3 T. & C. 213; *Pindar* v. *Resolute Ins. Co.*, 47 N. Y. 114; *Kirkland* v. *Dinsmore*, 62 id. 171; *Breese* v. *U. S. Tel. Co.*, 48 id. 132; *Lasher* v. *St. Joseph Ins. Co.*, 86 id. 423; *Fitchburg Sv'gs B'k* v. *Amazon Ins. Co.*, 125 Mass. 431.) The policy had, before the commencement of this action, become absolutely void by reason of the sale and conveyance of the insured property without consent of the company. (*Savage* v. *How. Ins. Co.*, 52 N. Y. 502; *Springfield F. & M. Ins. Co* v. *Allen*, 43 id. 394; *Smith* v. *Union Ins. Co.*, 120 Mass. 90; *Sherwood*

v. *Agricultural Ins. Co.,* 73 N. Y. 447.)   Jacoby had no power
to waive the forfeiture, or, by his consent to the assignment,
restore vitality to the policy. (*Devens* v. *Mech's', etc., Ins. Co.,*
83 N. Y. 168; *Mersereau* v. *Phœnix Ins. Co.,* 66 id. 274;
· *Wilson* v. *Genesee Ins. Co.,* 14 id. 418 ; *Thayer* v. *Agricultural
Ins. Co.,* 5 Hun, 566; *Harrison* v. *City F. Ins. Co.,* 9 Allen,
231; *Bush* v. *Westchester Ins. Co.,* 63 N. Y. 531; *Van Allen*
v. *Farmers' Ins. Co.,* 64 id. 469 ; *Stringham* v. *St. Nich. Ins.
Co.,* 3 Keyes, 280 ; *Underwood* v. *Farmers' J. S. Ins. Co.,*
57 N. Y. 500.)

*Josiah T. Miller* for respondent.   The paper called " the
application " never having been seen or signed by the assured,
but having been made by the agent, who signed the assured's
name to it without authority, was properly excluded. (*Lan-
ders* v. *Watertown F. Ins. Co.,* 19 Hun, 174; *Sprague* v. *Hol-
land Purchase Ins. Co.,* 69 N. Y. 128; *Vilas* v. *N. Y. C.
Ins. Co.,* 72 id. 590 ; *Clinton* v. *Hope Ins. Co.,* 45 id. 403.)
There being no application there was no warranty. (69 N. Y.
129.)   The evidence offered as to incumbrances was immaterial,
and properly excluded. (*Ames* v. *N. Y. Union Ins. Co.,* 14
N. Y. 253.)   As it appeared from a conversation put into the
case by defendant, that its agent was fully informed, when
the insurance was ordered, of all the incumbrances which were
in fact upon the premises, his failure to embody them in an
application does not avoid the policy. (*Rowley* v. *Empire
Ins. Co.,* 36 N. Y. 550 ; *Plumb* v. *Cattaraugus Ins. Co.,* 18 id.
392; *Pitney* v. *G. F. Ins. Co.,* 65 id. 23 ; *Van Schoick* v.
*Niagara Ins. Co.,* 68 id. 434; *Mahar* v. *Hib. Ins. Co.,* 6
Hun, 353 ; *Broadhead* v. *Lycoming Ins. Co.,* 14 id. 456 ; *Mc-
Cabe* v. *Farm. B. Ins. Co.,* id. 602 ; Wood on Insurance, 179,
832, 839.)   There was no failure to give notice of loss. (Wood
on Fire Insurance, 695, 707, 699, note 5; *Kendall* v. *Holland
P. Ins. Co.,* 2 T. & C. 375 ; *McEwen* v. *Mont. Co. Ins. Co.,* 5
Hill, 101 ; *Wait* v. *Agricultural Ins. Co.,* 13 Hun, 371;
*O'Brien* v. *Phœnix Ins. Co.,* 76 N. Y. 459.)   The policy, sus-
pended by the transfer of the property, was revived and

made effectual by the union of the title to the property and the policy in the plaintiff. (*Hooper* v. *H. R. Ins. Co.*, 17 N. Y. 424; *Wolfe* v. *Security F. Ins. Co.*, 39 id. 49; *Shearman* v. *Niagara Ins. Co.*, 40 How. 393; 46 N. Y. 526; *Buchanan* v. *Exchange Ins. Co.*, 61 id. 26.) Consent to the assignment of the policy was notice of and consent to the transfer of the property. (*Bailey* v. *Homestead F. Ins. Co.*, 80 N. Y. 22; *Allen* v. *St. Louis Ins. Co.*, 85 id. 473.) Irrespective of the powers of the agent, the forfeiture in the policy was waived by the company. It needed no new consideration to revive it. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410, 419; *Goodwin* v. *Mass. Mut. Ins. Co.*, 73 id. 480, 493; *Whited* v. *Germania Ins. Co.*, 76 id. 415; *Prentice* v. *Knickerbocker L. Ins. Co.*, 77 id. 483.) This waiver may be by parol, though the policy requires a writing. (*Dilleber* v. *Knick. L. Ins. Co.*, 76 N. Y. 568; 17 id. 426.)

Ruger, Ch. J. We are precluded by the findings of the court below from reviewing any questions which have been determined upon conflicting evidence, or upon those inferences which may reasonably be drawn from the facts proved on the trial. Of such a character was the question now raised as to the sufficiency of the notice to the defendant of the loss of the property insured.

The court below have, upon sufficient evidence of the fact, found that proofs of said loss were given to the defendant in accordance with the requirements of the policy, and such finding is conclusive upon us as to the existence of that fact.

The defendant excepted to the exclusion by the court of a question addressed to its secretary as to "what was Jacoby's authority as agent of the company." This question was objected to by the plaintiff and was properly excluded by the court.

The authority of the agent could be properly proved only by the production of the power of attorney issued to him by the company upon his appointment, or by a resolution of the defendant's board of directors, under which agents were

employed by them and prescribing their powers and duties. The question called simply for the opinion of the witness as to the extent of the agent's powers, without showing the source of his knowledge on the subject, and this, under elementary rules, was inadmissible.

The defendant also excepted to the exclusion by the court of evidence of incumbrances existing upon the property insured at the time the insurance was applied for. This evidence was claimed to be material upon the ground that the policy provided that if the insured property " shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company in the application, otherwise the policy shall be void," and the further claim that such incumbrances were not disclosed on the application for insurance filed with the company. At the time this evidence was offered, it appeared affirmatively that the plaintiff had never made or authorized a written application for this insurance, and it did not appear but that in his oral application to the agent he had disclosed the existence of every incumbrance constituting a lien upon the property insured. Under these circumstances we do not think the existence of such incumbrances would have constituted a breach of the conditions in the policy. The fact that the defendant's agent had himself made out and forwarded a written application for such insurance to his principal, without the knowledge or consent of the insured, and that the policy which afterward came into the plaintiff's hands referred to an application generally, without disclosing its contents or character, was not such an adoption and ratification of the act of the agent in drawing up and sending the application to the defendant as bound the plaintiff by the statements therein contained. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253; *Sprague* v. *Holland Purchase Ins. Co.*, 69 id. 128; *Vilas* v. *N. Y. C. Ins. Co.*, 72 id. 590; 28 Am. Rep. 186; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454.)

It is essential to the validity of an act which is claimed to have been authorized by a subsequent ratification thereof, that the principal should have had full knowledge of the circum-

stances attending the performance of the act of the assumed agent at the time of such ratification.

In this case the plaintiff might very well have supposed that the clause in the policy, if he read it at all, referred only to the previous parol application for insurance made by himself in which he claimed to have disclosed to the agent all of the incumbrances existing against the property insured.

The facts in this case certainly do not present a question of law by which we can say that the plaintiff intended to ratify the previously unauthorized act of the agent.

Having thus noticed such of the other points raised upon the argument as are of sufficient importance to merit attention, we come to the principal question argued by the appellant.

It is claimed that subsequent to the issue of the policy, such transfers of the title to the property insured had been made by the owners, without the consent of the defendant, that certain clauses in the policy had been violated, and by reason thereof it had become forfeited and avoided. It may be premised that the transfer of the title of property insured under a policy prohibiting such transfer does not operate *ipso facto* to annul and destroy the policy, but simply confers upon the defendant the right to have it declared void by raising that question at the proper time if it should eventually elect so to do. Thus it was said by Judge EARL in *Titus* v. *Glens Falls Ins. Co.* (81 N. Y. 419): "Where there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of such breach and claim a forfeiture. It may consult its own interest, choose to waive a forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result," "and such waiver need not be based upon any new agreement or on estoppel." It was also said by PRATT, J., in *Hooper* v. *Hudson R. F. Ins. Co.* (17 N. Y. 426) in relation to a similar claim in a policy of insurance, "that after the sale and previous to the assignment of the policy to the purchasers, the effect of the policy as an indemnity was suspended, not from any vice in

the policy but from the absence of a subject to act upon," and it was there held that had the policy-owner subsequently acquired title to the property insured, his interest in the policy would have revived, and in case of a loss he could have recovered therefor, in an action upon it. (See, also, *Howard* v. *Albany Ins. Co.*, 3 Denio, 301.) It seems inaccurate, therefore, to speak of such a policy as being forfeited or void, inasmuch as a cause of action could be revived thereon even without the consent of the insurers by a union of the title of the property and of the policy, by an authorized assignment thereof, in one person before or at the time of a loss occurring to the property insured. It was, therefore, entirely competent for the defendant at any time to waive the cause of forfeiture which had occurred, and reinvest the owner of the policy with a valid cause of action against the company by consenting to the ownership of the policy and the thing insured in the same person, notwithstanding the existence of such cause of forfeiture. Any act of the company recognizing this as an existing contract with it, performed after the cause of forfeiture had occurred, and the same had come to its knowledge, would, within the authorities, be treated as a waiver of such cause of forfeiture.

The final transfer of this property to the plaintiff occurred in October, 1872, and at that time, through its agent at Seneca Falls, the defendant consented to an assignment of the policy of insurance to the plaintiff, by its then owner, who was not the original party insured. The defendant had immediate notice of this transfer and consent, and made no objection thereto until after the loss occurred, which was a year subsequent to such notice. This act was the act of the company, for the agent was expressly authorized to consent to such transfers, and thus the defendant then dealt with the policy as an existing contract.

We are also of the opinion that the defendant was bound upon receipt of the notice of this assignment to immediately repudiate the act of the agent in giving such consent if it supposed he had acted without authority, or it must be held

liable for the power he assumed to possess, upon the ground that it has acquiesced therein and authorized the plaintiff to rely thereon. It had no right to remain silent and suffer the insured to lay by and forego other insurance upon his property and subject him to the hazard of eventual loss upon the assumption, which he was authorized from its silence to indulge, that the act of the agent was approved by it, and that there still remained in him, notwithstanding these various transfers, a valid insurance upon his property.

Upon well-settled principles it cannot be allowed to assume a different position from that ascribed to it, and which from its silence it has authorized another to believe it occupies, to the detriment of such person.

But we are also of the opinion that upon other grounds this objection to the recovery was not available to the defendant. The uncontradicted evidence showed two if not three transfers of the title of the property insured subsequent to the making of the contract of insurance, but it also shows that the first and last of such transfers were accompanied by assignments of the policy in question to the respective grantees under the conveyances, which assignments were authorized by the agent of the company, who had been invested, according to the terms of the policy, with express power to give such consent.

It is claimed by the defendant that the authority conferred upon the agent to consent to an assignment of the policy gave him no power to authorize any transfer of the title to the property insured to its purchaser. This claim is sought to be supported by a clause in the contract reading as follows: " If, without the written consent of the company first had and obtained, the said property shall be sold or assigned" * * * " this policy shall be null and void." A naked and inexcusable violation of this clause in the policy undoubtedly authorizes the insurer to avoid its contract and refuse indemnity to the insured. (*Sherwood* v. *Agricultural Ins. Co.*, 73 N. Y. 447; 29 Am. Rep. 180.) It is equally certain that a transfer of the policy before a loss occurs, either with or without the consent of the insurer, to any person, unaccompanied by an in-

terest in the property insured, would be ineffectual to convey any right of action or property to such assignee. (*Peabody* v. *Washington Co. Mut. Ins. Co.*, 20 Barb. 339 ; *Hooper* v. *Hudson R. F. Ins. Co.*, 17 N. Y. 424 ; *Howard* v. *Albany Ins. Co.*, 3 Denio, 301.)

The provision in the policy authorizing the agent to consent to its transfer by the insured is equally explicit with the clause forbidding a conveyance of the property without the written consent of the company. These two clauses are to be construed together, and if they are conflicting in their character each must be given some legitimate office to perform, if it is possible to do so ; and if they cannot, that clause must be rejected which does not accord with the general object and design of the contract, or would tend to defeat the intention of the parties thereto. We are of the opinion, however, that they are both .operative, and are simply intended to provide two methods of procuring the consent of the company to transfers of the interest of the insured in the contract of insurance and the property thereby insured. When the consent of the insurer to the assignment of the policy alone would confer no right upon its assignee, and a similar consent to the transfer of the title of the property insured would be unnecessary, unmeaning and useless unless accompanied by a transfer of the policy, it cannot easily be seen upon what theory it can be claimed that these powers are distinguishable, and that an authority to do one does not carry with it the necessary authority to execute the other. The principle is elementary that whenever a power to do an act for the principal is given by one person to another, that every thing necessary to make the execution of the power effectual to attain the end in view is impliedly conferred. It is inconceivable that the defendant intended to confer upon its agent the power to consent to an assignment of the policy alone, and reserve to itself the power to render such a consent inoperative by retaining the liberty of refusing to consent to a transfer of the title of the property insured. There would seem to be no reasonable .object on the part of the insurer in separating powers which are, from the nature of the subject, so indissolubly connected

and confer a power upon an agent to execute one and deny to him another which is essential to make the first power effective; and we must hold that the authority to consent to one necessarily implied power to authorize such acts as may be essential to render that consent effectual and operative. We think the principle involved has been frequently decided in this court. It was held in the case of *Hooper* v. *Hudson River F. Ins. Co.* (17 N. Y. 426) that an application to an insurance company for its consent to an assignment of a policy of insurance was notice to it that the applicant had, or was about to acquire, an interest in the insured property, and such consent having been given by it, it was held a waiver of a forfeiture of the policy incurred in consequence of a breach of the condition that a transfer of the interest of the insured in the property without the consent, in writing, of the insurer, should avoid the policy. In *Buchanan* v. *Exchange Fire Ins. Co.* (61 N. Y. 26) it was held that a consent by the insurance company to the assignment of a policy, made after a transfer of the property insured, revived the policy, so that it would not be avoided by the claim that such transfer was in violation of a provision in the policy rendering it void in case of a sale or conveyance of the insured property without the consent of the company in writing. (See, also, *Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 526; 7 Am. Rep. 380.)

It is also entirely immaterial that there had been an intermediate conveyance of this property which was not accompanied by an assignment of the policy of insurance, for the reason that the title of the property and the ownership of the policy of insurance by a valid consent of the defendant to its assignment had united in the person of the plaintiff at the time of the loss. (*Wolfe* v. *Security Fire Ins. Co.*, 39 N. Y. 49.)

So, too, it is no objection that the transfer of the property had preceded the consent to the assignment of the policy. The subsequent consent to assign has been held to relate back to the previous conveyance, and operate as a consent to such conveyance of the property. (*Shearman* v. *Niagara F. Ins.*

Co., 46 N. Y. 526; 7 Am. Rep. 380; *Wolfe* v. *Security Fire Ins. Co., supra.*)

For each of these reasons we think that the claim that the transfer of the property insured was a defense to the action was properly overruled, and that this judgment should be affirmed.

All concur.

Judgment affirmed.