(20 Misc. Rep. 365.)

ERNST et al. v. ESTEY WIRE–WORKS CO.

(Supreme Court, Appellate Term.    May 27, 1897.)

ASSIGNMENT—PAYMENT TO ASSIGNOR—RIGHTS OF ASSIGNEE.
  An agreement by the assignee of a claim not to prosecute the directors of the assignor for tort in collecting the claim after the assignment does not discharge the debtor from liability.

Appeal from Second district court.

Action by Moritz L. Ernst and others against the Estey Wire-Works Company. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. F. Brown, for appellant.

Max Cohen, for respondents.

McADAM, J. The action is on two claims for goods sold and delivered by the Kilmer Manufacturing Company to the defendant,

which were assigned with other demands to the plaintiffs April 26, 1895. The defense was payment to the Kilmer Manufacturing Company August 5, 1895, and that the plaintiffs subsequently, and on October 19, 1895, ratified the payment by accepting further security from their assignor, and agreeing not to prosecute the directors thereof for conversion or any tortious act. There was sufficient evidence to warrant the justice in finding—First, that the defendant, prior to the payment by it, had written notice of the transfer of the two demands to the plaintiffs; and, second, that at the time of accepting the additional security and executing the so-called ratification agreement the plaintiff did not know that the Kilmer Manufacturing Company had collected the assigned claims from the defendant. Indeed, the new agreement does not substitute new securities for those previously transferred, for it expressly provides that they are "additional" securities. The legal effect of such findings is that the payment made by the defendant did not operate to discharge the two demands against the defendant which were then owned by the plaintiff. No act of the Kilmer Manufacturing Company after notice of the assignment could prejudice the plaintiffs, and the evidence offered by the defendant to show such acts was properly excluded. The point that the plaintiff elected to discharge the defendant by agreeing not to prosecute the directors of the assignor for tort is without merit. The promise related merely to the form of any remedy the plaintiffs might invoke for any wrong accomplished by the assignor, and is not binding as an election to discharge the defendant; for there is no evidence to show that the plaintiffs had any knowledge that the defendant had paid their claims to the Kilmer Company, so as to raise the implication that the said claims were referred to, and after serving notice of the assignment to them the plaintiffs had the right to assume that such payment had not been made. Benninghoff v. Insurance Co., 93 N. Y. 501; Clarke v. Woodruff, 83 N. Y. 525; Mack v. Phelan, 92 N. Y. 27. In Fowler v. Bank (N. Y. App.) 21 N. E. 172, the plaintiff not only knew that a wrongful claimant had collected his money, but proceeded against him to judgment, and it was only after the judgment proved unproductive that he sought his remedy against the bank which made the erroneous payment. That was a clear case of election by the creditor. There is nothing in the record which suggests that the doctrine of estoppel applies to the plaintiffs, to disable them from asserting their legal rights against the defendant. The so-called ratification agreement in no manner prejudices the defendant as to any remedy over it may have against the Kilmer Company, or any person assuming to act on its behalf for the moneys wrongfully collected. The payment was not accepted by any one for or on behalf of the plaintiffs, so as to call upon them at once for disaffirmance, and they repudiated the payment when they heard of it, by prosecuting the defendant on the claims.

The controlling features of the case are covered by the findings of the justice in favor of the plaintiffs, before referred to; and, as these are sufficiently sustained by the evidence, the judgment must be affirmed, with costs. All concur.