CORA STACY, Respondent, v. NEW BALTIMORE MUTUAL INSURANCE ASSOCIATION, Appellant.

Third Department, March 6, 1918.

Insurance — fire insurance — provision that policy shall be void if insured takes other insurance — conveyance by husband to wife of part interest in real estate together with insurance thereon — wife's insurance not forfeited.

Where a wife, being part owner of a dwelling house and contents, insured her interest under a policy providing that it " shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy," and thereafter her husband, having insured his interest in the property by a separate policy, conveyed his share in the real estate and transferred his policy to her, there was no forfeiture of the wife's policy and she can recover thereon when the house and contents were destroyed by fire.

Under the circumstances the wife did not make or procure any other contract of insurance within the meaning of the condition of forfeiture.

Conditions of forfeiture contained in fire insurance policies are strictly construed.

APPEAL by the defendant, New Baltimore Mutual Insurance Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Greene on the 24th day of November, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

*William Rooney*, for the appellant.

*N. A. Calkins*, for the respondent.

H. T. KELLOGG, J.:

. This action is brought to recover upon a fire insurance policy for the loss of a dwelling house and contents. When the policy was issued there was already outstanding upon the same property a policy issued to the husband of the plaintiff by the Fidelity-Phœnix Insurance Company. Subsequently the policy of the husband was transferred to the plaintiff, together with all his interest in the property insured. Thereupon the policies expanded to cover the merged interests and

the property became doubly insured. (*Hooper* v. *Hudson River Fire Ins. Co.*, 17 N. Y. 424.)

The policy in suit made provision for forfeiture thereof as follows: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy." This insured never made any other contract of insurance than the policy in suit. She never contracted with the Phœnix Company. She paid it no premium, and she made it no promise. Neither did she procure from it a contract of insurance. That contract was procured by her husband for himself, and was in existence long before she had any title thereto. It became hers by an act of transfer from her husband, and there is no evidence that even that transfer was procured by her.

Conditions of forfeiture contained in fire insurance policies must be strictly construed. (*Darrow* v. *Family Fund Society*, 116 N. Y. 537.) " That construction should be adopted which is most beneficial to the promisee." (*Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405.) The case of *Vose* v. *Hamilton Mutual Ins. Co.* (39 Barb. 302) is very much in point. There the insured owned a stock of goods in each of two stores which were separately insured. With the consent of the insurer the separate stocks were placed in the same store, whereupon the policies expanded to cover both stocks, and they became doubly insured. Forfeiture was provided for in the policy sued upon only in case another policy covering the same goods " has been or shall be issued." As no policy was ever " issued " which at the time of " issue " covered both stocks, and double insurance occurred only through automatic expansion of policies when the goods were mixed, it was held that no forfeiture was worked. That case is sufficient warrant for holding that when a part owner of property having insurance thereon accepts a transfer of the interest of another owner together with his insurance, she does not " make or procure any other contract of insurance " within the meaning of the condition of forfeiture.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.