LIDA M. SAVERY, Respondent, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.*

Fourth Department, March 22, 1933.

*Fuller, Brown & Hubbard* [*Moses G. Hubbard, Jr.,* and *Kenneth W. Fuller* of counsel], for the appellant.

*Lee, Brennan & Bastow* [*E. D. Lee* of counsel], for the respondent.

* Revg. 144 Misc. 443.

THOMPSON, J.   This is an appeal from an order denying defendant, appellant's motion for a summary judgment dismissing plaintiff, respondent's complaint, upon the ground that it appears upon the face of the complaint that the action was not brought within the time provided in the certificate of insurance, upon which the action is based.   Plaintiff is the beneficiary named in the certificate; deceased insured was her husband.   By its terms the policy insured the holder of the certificate against loss of life, limb and sight caused by accident.   The accident which caused insured's death occurred December 15, 1930.   He died December 30, 1930.   This action was begun December 30, 1931.   Paragraph 8 of the insurance certificate provides that such action must be commenced within twelve months from the date of the accident causing such loss.   The Special Term has held that the accident causing the loss *to the plaintiff* did not occur until the date of death of the insured.

The plain meaning of the words used in the policy for the purpose of limiting the time during which an action may be brought upon it is that the period of limitation is to start with the date of the accident which produced the loss.   There could be no recovery under the policy unless the death of the insured was caused by an accident.   If the death arose from natural causes, the policy would not cover the loss.   The cause of action is based, *first*, upon the accident causing death; and *second*, the death of the insured.   The words are very different from those used in *Cooper* v. *U. S. Mutual Benefit Assn.* (132 N. Y. 334), in which it was held that the period of limitation should be computed from the date of the death of the insured and not from the date of the accident.   The words there used were " time of the alleged accidental injury," and the court held that while the *insured* suffered from the date of the wound, and could, therefore, only have brought his action under the policy within the year following such date, the *beneficiary* to whom the loss was payable in case of an accident causing the death of the insured, suffered no injury, accidental or otherwise, until the death of the insured, and that the period of limitation as to her began with that date.   That the court in that case would have reached a different conclusion had the policy read " date of the accident causing such loss," as it does in the case at bar, appears from its approving comment in distinguishing the case of *King* v. *Watertown Fire Insurance Co.* (47 Hun, 1), where the policy provided that suit upon it should be commenced " within twelve months next after the fire shall have occurred," and it was held that the date of the fire, and not the accrual of the action on the policy, marked the beginning of the period of limitation.   We are not unmindful that

the policy of the law is opposed to forfeitures, nor that where a contract is ambiguous or uncertain it should be interpreted against the one who prepared it. Here we find no ambiguity or uncertainty, the words admitting of but the one meaning. In such case it must be held that it was the intention of the parties to the contract to give it effect according to the plain meaning of the language of its provisions.

It follows that the order should be reversed, with ten dollars costs and disbursements, and defendant's motion for summary judgment dismissing the complaint granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements and motion granted, with ten dollars costs.