Barbara B. Parker, Plaintiff, *v.* American Surety Company of New York, Defendant.

Supreme Court, Monroe County, June 18. 1941.

*Grantier Neville*, for the plaintiff.

*Block & Smith*, for the defendant.

Lapham, J.   The plaintiff lost a diamond brooch by theft.   She sues now to recover her loss under the terms of a policy insuring

her against loss of her property by burglary, robbery, theft or larceny to the sum of $2,000.

The defendant moves under rule 107 of the Rules of Civil Practice for judgment dismissing the complaint on the ground that the cause of action is barred by virtue of the failure of the plaintiff to commence her action within the period of limitation fixed by the insurance policy. The plaintiff alleges that her diamond brooch was stolen on January 26, 1939. Proofs of loss were filed with the insurer on March 24, 1939, and this action was commenced on April 9, 1941. The policy provides:

" LIMITATIONS

" N. No suit shall be brought under this Policy until three months after proof of loss as required herein, has been furnished, nor at all unless commenced within two years from the date upon which the loss or damage occurred. If any limitation of time for notice of loss or damage or for any legal proceeding herein contained is at variance with any specific statutory provision in relation thereto, in force in the State in which the premises of the Assured as herein described are located, such specific statutory provision shall supercede any condition of this Policy inconsistent therewith."

The sole issue before the court is whether the action is timely. The defendant contends that the period of two years began to run from the date of the actual theft. The plaintiff, on the other hand, asserts that the period of limitation did not start to run until her cause of action on the policy accrued three months after proofs of loss had been furnished by the insured. The action here was begun more than two years after the theft but within two years from the expiration of this period of three months.

The words used in the policy " within two years from the date upon which the loss or damage occurred " are general, and lacking in precision. Whenever similar words have been used in insurance policies, the courts have uniformly held that they are not words of the actual event. (*Hay* v. *Star Fire Insurance Co.*, 77 N. Y. 235; *Steen* v. *Niagara Fire Insurance Co.*, 89 id. 315; *Mayor of N. Y.* v. *Hamilton Fire Insurance Co.*, 39 id. 45; *Cooper* v. *U. S. Mutual Benefit Assn.*, 132 id. 334, 337; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493, 499; *Jacobs* v. *North River Insurance Co. of City of N. Y.*, 157 Misc. 419; *Calitano* v. *Citizens Insurance Co. of N. J.*, 163 id. 542.)

"After the fire," or " after the fire shall have occurred," or " after the happening of the physical loss or damage out of which the claim arose," have been construed because of their exactness as words of the destructive event from which the period of limitation in the policy must be computed. (*King* v. *Watertown Fire Insurance Co.*,

47 Hun, 1; *Allen* v. *Dutchess County Mutual Insurance Co.*, 95 App. Div. 85; *Hamilton* v. *Royal Insurance Co.*, 156 N. Y. 327; *Gallin* v. *Allemannia Fire Insurance Co.*, 184 App. Div. 876; affd., 230 N. Y. 547; *Califano* v. *Citizens Insurance Co. of N. J., supra.*)

Here the precise word is still the talisman. If the insurer had used the word " theft " instead of " loss or damage," it would have been clear that the physical event was intended to set the time limited by the policy running. The failure of the insurer to be precise left an ambiguity which must be resolved against him who created it. (*Bobrow* v. *U. S. Casualty Co.*, 230 App. Div. 91; *Killian* v. *Metropolitan Life Insurance Co.*, 251 N. Y. 44; *Gerka* v. *Fidelity & Casualty Co. of N. Y.*, Id. 51.)

To construe the clause in the face of this ambiguity in favor of the insurer on the facts here would be to exact a forfeiture from which the law always shrinks. (*Savery* v. *Commercial Travelers Mutual Accident Assn. of America*, 238 App. Div. 189, 191; *Press Publishing Co.* v. *General Accident, Fire & Life Assurance Corp.*, 160 id. 537; affd., 217 N. Y. 648; *Stacy* v. *New Baltimore Mutual Insurance Assn.*, 182 App. Div. 124.)

It may be as the insurer says that the words " loss or damage " may refer to the actual theft in other clauses in the policy but words take their color and meaning from the context in which they appear. The parties were contracting here with reference to a narrow subject-matter — the limitation of time within which an action might be brought on the policy. These limitations are all related to the time within which a cause of action accrues. When the insured read in this clause the provision that whenever any limitation of time for any legal proceeding under the policy was at variance with any specific statutory provision on the subject the mandate of the statute should control, she had the right to assume that the clause referred to the time of the accrual of the cause of action on which all statutes of limitations are based. At least, that is an assumption that a reasonable person could have made and I do not think that the insurer should be allowed to take refuge behind a shield whose form and shape more precise craftsmanship on its part could have made clear.

An order may be entered on this decision denying the motion of the defendant to dismiss the complaint, with ten dollars costs to the plaintiff.