Kenneth N. Browne, J.
The plaintiff seeks to recover from his insurer, Glens Falls Insurance Co., on the ground that they failed and refused to meet their obligation under the terms of the policy of insurance.
This court finds that on or about June 9, 1966 the defendant issued a renewed policy of insurance on the 1962 Barbour Express Cruiser NY8892BA and 1964 100 H. P. Mercury S#1466777 belonging to the plaintiff. That on the 11th day of August, 1966 the cruiser was stolen and the plaintiff notified his insurance company of the theft: Thereafter on the 17th day of September, 1966 the plaintiff was notified that his boat had been recovered by the police, with the simultaneous arrest of a person or persons suspected of committing the theft. Upon his arrival to claim his boat the defendant was prevented from so doing and was informed by the police that the boat was being held as evidence, plaintiff testifying that he was not even allowed by the police to go aboard the boat to examine it for damages. *224 Thereafter, the boat, while in police custody, sank on two separate occasions and was finally destroyed by the Army Corps of Engineers as a hazard to navigation in the month of October, 1967.
The defendant interposes two basic affirmative defenses, regarding two clauses of the contract of insurance reading in pertinent part as follows: “ Warranted free from any claim for loss, damage or expense caused by or resulting from capture, seizure, arrest, restraint or detainment, or the consequences thereof or of any attempt thereof, or any taking of the Vessel, by requisition or otherwise ” (emphasis supplied) and “ it is a condition of this policy that no suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless all terms, conditions and warranties in- this policy have been complied with and unless the same be commenced within 12 months next after the calendar date of the happening of the physical loss or damage out of which the claim arose.” (Emphasis supplied.)
It is Hornbook law that where a clause in a policy of insurance is capable of two or more interpretations, the one most favorable to the insured must be adopted. (See Bobrow v. United States Cas. Co., 231 App. Div. 91; Killian v. Metropolitan Life Ins. Co., 251 N. Y. 44; Gerka v. Fidelity & Cas. Co. of N. 7., 251 N. Y. 51; Savery v. Commercial Travelers Mut. Acc. Assn. of Amer., 238 App. Div. 189, 191; Press Pub. Co. v. General Acc. Fire & Life Assur. of Perth, 160 App. Div. 537, affd. 217 N. Y. 648; Stacy v. New Baltimore Mut. Ins. Assn., 182 App. Div. 124.)
The defendant, in the opinion of this court, seeks to slash with a blunted saber and seeks refuge behind the tissue paper shield of its first affirmative defense. It is abundantly clear to this court that the parties never intended that the assured insure the insurer against a contingency, such as this, over which he had no control nor malefic participation. This court finds that it does not lie in the mouth of the defendant herein to assert the afore-mentioned as a defense, knowing full well the circumstances of the alleged “ capture, seizure, arrest, restraint and/or detainment.” (Emphasis supplied.) This court considers the alleged first affirmative defense pettifogging and I hereby dismiss it as utterly without merit.
The defendant herein sets forth as its second affirmative defense the short contractual “statute of limitations ” and asserts that the plaintiff’s action herein was not commenced timely. This court finds as a matter of fact that the plaintiff’s ‘ ‘ physical loss ’ ’ did not occur on August 11,1966 as is contended for by the defendant, but rather in or about October, 1967, when *225 the boat and motor were destroyed by the Army Corps of Engineers. This court finds that the plaintiff was never able to assume possession of the boat and motor, through no fault or election of his own, from the date of the theft. This court therefore finds as a matter of fact that the plaintiff’s action was commenced timely. Having found the foregoing, this court need not decide whether or not the act of the defendant’s agent of negotiating in bad faith until the 12-month limitation had passed without forthrightly disclaiming liability on the policy was sufficient to waive the limitation. It is to be noted in passing, however, that in the opinion of this court the relationship of an assured and his insurer is not one of dealing at arm’s length but rather rises almost to the level of coadventurers. Hence, the punctilio of honor the most sensitive should be the standard of conduct in their dealings (see Meinhard v. Salmon, 223 App. Div. 663). Anything less makes a mockery of the sense of security that the assured has paid for and is entitled to receive. Suffice it to say that this deceptive practice should be left to the Legislature to remedy by appropriate safeguards.
As a result of the foregoing, I find that the plaintiff is entitled to judgment as against the defendant in the sum of $2,180, with interest from October 31, 1967, and I order and adjudge that said plaintiff, Samuel Sciarrino, have judgment accordingly.