[Bozeman v. Sun Insurance Company.]

# Bozeman *v.* Sun Insurance Company.

*Bill for an Accounting, and to Enjoin Foreclosure Sale.*

(Decided Dec. 22, 1910.   Rehearing denied Jan. 12, 1911.
54 South. 178.)

1. *Equity; Pleading; Construction.*—As in law, so in equity, pleading is construed most strongly against the pleader on demurrer in case of uncertainty.

2. *Insurance; Fire; Construction of Policy; Forfeiture.*—While a policy containing a forfeiture for failure to obtain written consent of the insurer to a transfer of the policy will be strictly construed as against the forfeiture, yet, such stipulation must be upheld by the court, where it clearly and plainly exists.

3. *Same; Change of Ownership.*—Where the policy contains a provision prohibiting a change of ownership without consent of the insurer, the rule that temporary alienation of insured property will not avoid the policy, if reconveyed to the proper person under the policy contract before the loss, does not apply to transfers of the policy contract.

4. *Mortgages; Restraining Foreclosure; Sufficiency of Bill.*—The bill in this case examined and held insufficient because not showing except by inference that the policy was assigned or retransferred to complainant by R., and as not alleging complainant's ownership of the policy, except by way of mere conclusion, and in not averring that there was not a clause in the policy prohibiting a transfer except by the written consent of the company; the rule of construction being against the pleader, it must be assumed that the policy contained a clause against a transfer without the written consent of the defendant, and provided a forfeiture therefor.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by R. H. Bozeman against the Sun Insurance Company, for an accounting, and to enjoin a foreclosure sale under a mortgage with offers to do equity. From a decree sustaining demurrers to the bill complainants appeal. Affirmed.

The facts made by the bill are:  That on a date which orator is unable to state with accuracy the Sun Insurance Company of New Orleans issued its policy No. 866764, in favor of Mrs. S. L. Shirley, insuring a dwell-

ing house which belonged to her in the city of Montgomery against loss or damage by fire. That subsequently orator purchased said property from Mrs. Shirley, and that she transferred to orator said fire policy with the consent of said company. Subsequently orator sold the property to one Roper, and also transferred to him the policy with like consent of the company, and that shortly before the fire hereinafter mentioned said Roper resold and reconveyed said property to orator. (2) Orator avers that said policy remained in force and favor of said Sallie L. Shirley down to and at the time of the destruction of the premises by fire, and that it contained a mortgage clause in and by which the loss, if any, under the same, was made payable to Miss Anna S. Ball, or to Fred S. Ball, as trustee for her, one or the other, as her interest might appear; that orator, in purchasing said property from Mrs. Shirley, assumed the payment of said mortgage as a part of the purchase money, and said mortgage remained payable to Miss Ball as aforesaid; that when Roper purchased from orator, said Roper assumed said mortgage debt as part of said purchase money, and the insurance still remained payable to Miss Ball; that when said Roper reconveyed said property to orator, he also relinquished all interest in said policy, but orator avers that said policy was then in possession of Anna S. Ball, and for that or some other reason the possession of same could not be had immediately upon the resale of Roper to your orator, and before possession of the policy could be acquired, so as to have it transferred back by said Roper to orator, and the consent of the company indorsed thereon, the property insured was destroyed by fire. Orator avers that said policy was in force, and said insurance company then paid to said Anna S. Ball the full amount of the insur-

ance due under said policy, and that the policy was delivered up to said insurance company, which now has the possession of the same, unless it has delivered such possession to one Lloyd D. Batre, who now claims the same as hereinafter stated, and that orator has through its attorneys requested the attorneys who represent the company and Batre to permit orator's attorney to inspect the policy for the purpose of protecting and enforcing his right thereon, but that orator has not been furnished with said policy, and therefore cannot more particularly allege the date thereof. It is then averred that the mortgage clause provided in substance that, if the insurance company should pay the insurance to the mortgagee, it should be subrogated to the mortgage to the extent of such payment, and should have a right to enforce such mortgage against the insured, if said policy for any reason was invalid as to him. It is then stated on information and belief that the insurance company paid the full amount of said mortgage, amounting to something over $700, $600 of which was the proceeds of said policy, and that said Batre now claims the right to enforce said mortgage against the property of orator for the full amount; said Batre and said insurance company insisting that said policy is not valid as to orator, or that said insurance company had not consented in writing to the transfer of said policy back from Roper, and also claiming that there was a change of ownership in the property without the consent of said company when orator bought the same back from Roper. Then follows an averment of the fact that the policy is a valid and subsisting policy in favor of orator, and is not invalid for any of the reasons claimed by the said insurance company or Batre. It is then averred that there was another insurance policy on said building in favor of orator in another company

for the sum of $700, and that each policy contained a clause requiring the amount of each to be prorated on a certain basis, which orator cannot state with more particularity without access to the policy. It is then alleged that after the fire there was an adjustment of said loss by the adjusters of the other company, under an agreement between orator and the holder of said policy and the said defendant corporation, that the amount due upon each policy should be ascertained. It is then averred that orator offered to pay said insurance company or said Batre, whichever one may legally hold said mortgage, the amount of said mortgage, if he was credited thereon with two-thirds of the amount so ascertained by said adjusters to be due on said policy, but that they declined, and offered to credit a lesser sum by way of compromise. Then follows the statement of the foreclosure sale, which is to take place within a certain time, and also certain averments as to want of right in the foreclosure to charge attorney's fees. The prayer is as stated above.

J. M. CHILTON, for appellant. As the company had once agreed to a transfer to Bozeman and as he was the owner both of the policy and the property at the date of the fire, his intermediate sale and transfer to Roper did not affect the validity of the policy.—Sec. 5158, Code 1907. The provisions for forfeitures in policies are strictly construed against the forfeiture.— U. S. Co. v. Lesser, 126 Ala. 568; 5 Mayf. 543; 2 Cooley on Ins. p. 1887; 96 N. Y. 652; 39 N. Y. 49, and cases there cited The temporary alienation is not a breach of conditions against the sale, etc.—13 A. & E. Enc. of Law, 241, and authorities cited. The bill shows proceedings to foreclose notwithstanding the amount due is in controversy, and that a tender has been made in

[Bozeman v. Sun Insurance Company.]

good faith, and the bill offers to do equity.—*Cheatham v. So. B. & L. Assn.*, 137 Ala. 395.

STEINER, CRUM & WEIL, for appellee. The policy contained what is known as the standard mortgage clause, and the company is bound to the mortgagee by a separate, distinct contractual status from any it may have had with the mortgagor or insured.—*I. Co. v. Potter*, 33 So. 474; *Magoune v. I. Co.*, 91 N. W. 5; *Whiting v. Bunkhardt*, 60 N. E. 1. If, for any reason, the policy is avoided by the insured or the contract of insurance is not binding between the insured and the company, where the contract contains such clause, then the insured loses the benefit of the insurance in the reduction or payment of the mortgage, and the company has through subrogation or assignment, the right to foreclose the mortgage.—19 Cyc. 895; 43 N. Y. 389; 51 N. E. 361; 142 Mass. 142. It follows from these authorities that the demurrers to the bill were properly sustained.

ANDERSON, J.—Pleading, in equity as well as law, must be construed against the pleader, on demurrer, in case of ambiguity or uncertainty. The bill in question does not aver that the policy was assigned or transferred, legally or equitably, to the complainant. It says, both before and after amendment, "that, when said Roper conveyed said property to your orator, he also relinquished all interest in said policy." It does not therefore appear, except by inference, that the relinquishment was in favor of the complainant, and it may have been in favor of the company. The bill does subsequently set up ownership of the policy in complainant, but does not show just how he acquired title to said policy, and the averment of ownership is a mere conclusion. On the other hand, if we concede that the

bill sets up an assignment of the policy, before the fire, from Roper to the complainant, it shows that the respondents refused to allow orator a credit on the mortgage for the amount of the policy, because the policy was not valid and in force at the time of the fire, as to said complainant, in that the company had not consented in writing to the transfer of said policy. The bill does not aver that there was no clause prohibiting a transfer except by the written consent of the company, but merely sets up as a legal conclusion that the policy is a valid and subsisting one in favor of the complainant. Therefore, construing the bill against the pleader, in dealing with the demurrers we must assume that the policy contained a clause against a transfer without the written consent of the company and providing a forfeiture because of same. While such stipulations should be strictly construed as against a forfeiture, yet they will be upheld by the courts when they clearly and plainly exist.—13 Am. & Eng. Ency. of Law, 185, and cases cited in note 7; 19 Cyc. 636. We have been cited to certain authorities, in effect, holding that a temporary alienation of the property insured will not avoid the policy, if reconveyed to the proper party under the policy contract before the loss.—*German Ins. Co. v. Fox*, 4 Neb. (Unof.) 833, 96 N. W. 652, 63 L. R. A. 334; *Wolfe v. Security Ins. Co.*, 39 N. Y. 49; Cooley's Briefs on Insurance, vol. 2, p. 1887. We are not disposed to question the soundness of this doctrine, but do not think that it applies to transfers of the policy contract. The company may have been willing to deal with the complainant when consenting to the first assignment of the policy to him, and may not, for sufficient reason, be willing to treat him as the owner or contracting party under the policy, when the reassignment, from Roper to him, was attempted. Insur-

[Avondale Land Co., et al. v. Shook, et al.]

ance companies, like individuals, have the right to determine the persons with whom they will deal, and, where the policy expressly provides that transfers can only be made with the written consent of the insurer and fixes a forfeiture in case of a violation of said provisions of the contract, such a clause is binding and will be enforced by the courts.

The city court did not err in sustaining the demurrers to the bill of complaint, and the decree in doing so is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.